# SUPREME COURT OF TEXAS.

## AUSTIN SESSION, 1875.

### Ex Parte A. C. Hill.

HABEAS CORPUS.—An application for the writ of *habeas corpus* which alleges the illegal detention to be under a commitment issued by order of the District Court will be refused unless a copy of the writ be annexed to the petition, or it be stated in the application that a copy cannot be obtained. A statement that a copy "cannot be obtained without great delay" is not sufficient.

On the 12th of April, 1875, A. C. Hill applied to this court for a writ of *habeas corpus*, alleging that he was a deputy United States marshal, and that he was unlawfully deprived of his liberty by one Green DeWitt, sheriff of Gonzales county, who acted under authority of a commitment issued by the District Court of that county. He alleged that the offense charged against him and for which he was committed was "unlawfully bearing arms," that a copy of the commitment could not be obtained "without great delay," &c.

*F. Britton*, for relator.

ROBERTS, CHIEF JUSTICE.—This application states that A. C. Hill is in the custody of the sheriff of Gonzales county, "under a commitment from the State District Court of said Gonzales county." It is uncertain in not stating whether the process of commitment was mesne or final. The appli-

cation states that the process " cannot be obtained without great delay."

Article 2597 of the Code of Criminal Procedure provides that "when the party is confined or restrained by virtue of any writ, order, or process, or under color of either, a copy shall be annexed to the petition, or it shall be stated that a copy cannot be obtained."

The application is not sufficient in this case, and is therefore refused by order of the court.

REFUSED.

---

### J. B. BRANDON v. LEANDER H. McNELLY AND WIFE.

1. FAILURE TO CROSS INTERROGATORIES.—A party not crossing interrogatories cannot use the depositions, and the rule is not changed by the fact that the interrogatories were propounded to several witnesses, and the depositions were taken and returned together, and the depositions of the other witnesses had been read by the party taking the testimony.

2. HEIRSHIP—PRESUMPTION.—It will not be presumed where a grant of land had been issued to a married man that the wife survived the husband. Proof of heirship to the husband in a suit by an heir is sufficient as against a trespasser.

APPEAL from Denton. Tried below before the Hon. C. C. Binckley.

Carrie McNelly joined with her husband, Leander McNelly, brought an action of trespass to try title against J. B. Brandon for 640 acres of land patented to John Cheek.

It was alleged and proved that Carrie McNelly was the only child of John Cheek, who died in 1848, and that she intermarried with Leander McNelly in 1865.

The defendant pleaded three, five, and ten years' limitation, and that the wife of John Cheek survived him; and claimed that upon the pleadings and evidence the plaintiff was entitled to but one-half of the tract.