PAT FULLBRIGHT V. THE STATE.

No. 18589. Delivered November 18, 1936.
Appeal Reinstated December 23, 1936.
Rehearing Denied February 10, 1937.

The opinion states the case.

*Fred Erisman,* of Longview, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for tapping a storage tank; penalty assessed at confinement in the penitentiary for two years.

The offense is denounced by Art. 1111b, P. C., as set forth in Vernon's Texas Statutes, 1936, page 1765.

The appeal cannot be entertained for the reason that the record is void of a notice of appeal, such notice being essential to the jurisdiction of the Court of Criminal Appeals. See Art. 827, C. C. P., 1925. Analogous cases are Bagley v. State, 70 S. W. (2d) 177; Ray v. State, 91 S. W. (2d) 740.

The appeal is dismissed.

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

We are unable to perceive in what respect the indictment is deficient. It appears to adequately set forth the offense denounced in sections 1 and 2, chap. 219, Acts of the 43rd Legislature. We quote said sections, as follows:

"Sec. 1. Tapping. The term 'Taping' as used in this Act, is the making of any connection with a pipe line, conduit, or storage tank constructed for the purpose of transporting or storing crude oil, gasoline, naptha, natural gas, casinghead gas, or any petroleum product whereby such crude oil, gasoline, naptha, natural gas, casinghead gas, or any petroleum product is permitted or caused to escape from such pipe line, conduit, or storage tank, whether such connection be made by opening a valve therein, removing any plug or other apparatus therefrom, or by drilling or making a hole therein, or by adopting any other means whereby any such contents of such pipe line, conduit, or tank, is permitted to escape.

"Sec. 2. Any person who shall unlawfully tap any pipe line, conduit, or storage tank, constructed for the purpose of transporting or storing crude oil, gasoline, naptha, natural gas, casinghead gas, or any petroleum product without the consent of the owner, and with intent to injure such pipe line, conduit, or storage tank, or to permit the contents thereof to escape, or with intent to appropriate any portion of the contents of such pipe line, conduit, or storage tank to the use and benefit of the person tapping the same, shall be guilty of a felony and upon conviction shall be punished by confinement in the state penitentiary for a term of not less than one nor more than five years."

The proof on the part of the State was to the effect that appellant and others tapped a tank in which oil was stored and took therefrom a quantity of oil. Appellant admitted that he tapped said storage tank, but declared that he believed the oil belonged to the parties with whom he participated. It appears that the storage tank belonged to the Sun Oil Company and was in charge of Harry Keller. There was a sign painted on a

board and wired to the tank on which was painted: "Sun Oil Company, A. A. King Tank Battery."

The evidence is deemed sufficient to support the conviction.

Appellant filed a first application for a continuance which was fatally defective in failing to aver that the application was not made for delay, and that the witnesses were not absent by the procurement or consent of the appellant. See Perkins v. State, 46 S. W. (2d) 672, and Green v. State, 32 S. W. (2d) 650.

After the State had rested appellant moved for an instructed verdict on the ground that the accomplice witnesses had not been corroborated. The district attorney then requested the court to permit him to reopen the case and introduce further testimony, which request was granted. The State then introduced in evidence a written statement made by appellant in which he admitted that he had participated in tapping the storage tank. However, the statement was to the effect that he believed the tank belonged to the parties participating with him in taking the oil. Appellant objected to the action of the court in permitting the case to be reopened. The objection was properly overruled. We quote from Branch's Ann. P. C., sec. 378, as follows:

"The court shall allow testimony to be introduced at any time before the argument of a cause is concluded if it appear that it is necessary to a due administration of justice, and it is within the judicial discretion of the court whether testimony shall be permitted during the argument * * *."

In support of the text many authorities are cited, among them being Raleigh v. State, 168 S. W., 1050.

Appellant objected to the introduction in evidence of his written statement on the ground that it was not voluntary. Appellant took the witness stand and testified to substantially the same matters set forth in the written statement. Under the circumstances, reversible error is not presented.

There were several objections to the charge of the court. An examination of the charge leads us to the conclusion that it adequately submitted the issues raised by the evidence.

Appellant has not favored us with a brief; but if we comprehend the record, we have discussed the matters deemed by appellant to present reversible error. A careful examination of the record leads us to the conclusion that reversible error is not presented.

The judgment is affirmed.

*Affirmed.*

644

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.

## ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion appellant vigorously assails our conclusion that the indictment in this case is sufficient. The statute governing is quoted in our former opinion. The indictment alleged that appellant and others made a connection with a storage tank constructed for the purpose of storing crude oil, the property of one Keller, without the owner's consent, which connection was made with the intent then and there to appropriate a part of the contents of said tank to the use and benefit of themselves, etc. We still think the indictment good. From it appellant, even if innocent, learned that he was charged with making such connection with said tank as would enable him to get from same a part or all of its contents, which he intended to appropriate. It would seem too much nicety of reasoning to say that this did not allege that there were "contents" in the tank which could escape therefrom through such connection and go into possession of appellant for his appropriation. The fact that the indictment did not use the word "tap" or "tapping" would not affect its validity.

We labored under a mistake when we said, in our former opinion, of appellant's application for continuance that it failed to aver that the application was not made for delay, etc. The application in the record properly sets forth the statutory requisites, and is now considered by us. Said application appears wholly lacking in any showing of diligence in regard to the absent witnesses. The indictment herein was returned in January, 1936, and, as far as shown by this record, the first and only application for process for said absent witnesses, named in the request for continuance, was on March 13, 1936,—three days before the case was set for trial on March 18th. This was clearly not diligence. Nor was the affidavit of any of said absent witnesses attached to the motion for new trial.

Appellant strongly urges that his bills of exceptions 15 to 19,—complaining of improper argument of State's counsel,— show error. We are not able to agree that said argument was of that character which should call for reversal. Comments on the personal appearance of the accused would ordinarily indicate a lack of faith on the part of the State's attorney in his own case as made out, but we would not be inclined to reverse a case because the State's attorney called attention to the curly

hair of the appellant, or to the fact that he had on a coat, and that his hands were clean; but it appears that, aside from such reference, no prejudicial language was used or abuse indulged in. We might here say that the accused in any case has the right, by his attorney, to except to improper argument, and that too,—at the time same is made; and if,—as in this case,—the trial court informs defense counsel that he must not interrupt the attorney for the State in his argument by taking exceptions thereto, and when the argument as a whole is presented as erroneous before this court by bill of exceptions, we would be inclined to give to the accused the presumption that he would have objected to any part thereof which appears to us, upon examination, to be harmful or prejudicial.

In the case before us we have examined the arguments brought forward by appellant as those made over his objection, but find nothing further than that the curly hair of appellant was commented on, and he was referred to as the Kingfish, and the brains of the gang, etc. etc. We think the jury were warranted on the facts in concluding appellant guilty, and inasmuch as they gave him only two years in the penitentiary as penalty, this would seem to negative the existence of prejudice on their part.

Not being able to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*