## EX PARTE J. E. ELDRIDGE.

No. 24497. October 12, 1949.
Motion for Rehearing Denied (Without Written Opinion)
November 30, 1949.

*Wilson F. Walters,* Denison, for relator.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

Relator was charged by complaint in the corporation court of Denison with negligently causing a collision with an automobile, and upon his trial thereon, he was found guilty and fined $75.00. Thereafter, on February 24, 1948, he appealed to the county court of Grayson County and was again found guilty and fined the sum of $200.00. On March 8, 1948, his motion for a new trial was overruled and the fine fixed at $200.00 and costs.

We gather from statements made in different motions attached to the application for the writ that possibly a judgment was not entered in the minutes of the court at such time but that at a later term of the court a judgment nunc pro tunc was entered and a capias pro fine ordered issued thereunder.

It is noted that no copy of the capias is annexed to the petition for the writ as required by statute, Art. 126, sec. 2, C. C. P. See Ex parte Hill, 43 Tex. 75; also 21 Tex. Jur. p. 449, sec. 26, which states the rule to be as follows:

"The provision with respect to the annexation of a copy of writ, process or order is mandatory, failure to comply therewith constituting ground for dismissal unless, as the statute further provides, a showing is made that a copy cannot be obtained."

We do find a copy of a capias pro fine on page 3 of the transcript, but same is not incorporated in the application for the writ, although various other motions are attempted to be thus incorporated merely by a reference thereto.

It is also noticed that there is no return of any kind upon this copy of a capias pro fine, and nowhere therefrom do we find any statement of the officer that the relator is being held under such capias. However, there is a statement in the record from relator as follows:

"I am the defendant in this case. I suppose now at this time, at the time of this hearing, that I am at the present time under criminal bond in this case."

Relator attempts to make an attack upon the city ordinance under which this conviction rests, but he fails to incorporate such ordinance in the record. Therefore, we cannot attempt to pass upon something which is not found in this record.

He is requesting us to pass upon the merits of his motion to quash the complaint, the defendant's motion for a new trial, defendant's amended motion for new trial, defendants motion in arrest of judgment, and defendant's supplemental motion in arrest of judgment, all having been filed in the orginal cause tried in February, 1948. All these matters were doubtless reviewable in an appeal from the cause tried in February, 1948, but not thus reviewable in this ex parte proceeding filed in April, 1949.

We are impressed with the idea that relator is attempting to utilize the writ of habeas corpus to take the place of an appeal in the original trial, and this he cannot do. See Branch's Ann. Tex. P. C., p. 151, sec. 239, and many cases there cited; also Ex parte Loper, 153 Texas Crim. Rep. 240, 219 S. W. (2d) 81; Ex parte Hubbard, 153 Texas Crim. Rep. 112, 218 S. W. (2d) 209; Ex parte Ricketts, 149 Texas Crim. Rep. 569, 189 S. W. (2d) 872; Ex parte Larone, 148 Texas Crim. Rep. 390, 187 S. W. (2d) 574.

The judgment of the trial court will be affirmed.