608

## JUANITA (JANIE) FLORES V. STATE.

No. 26,877. April 7, 1954.

*Hackney & Crawford,* by *Morgan L. Copeland,* Brownfield, for appellant.

*Wesley Dice,* State's Attorney, Austin, for the state.

MORRISON, Judge.

The offense is keeping a bawdy house; the punishment, 20 days in jail and a fine of $200.00.

Deputy Sheriff Oliver testified that, in company with other officers and armed with a search warrant, he visited Janie's Cafe; that he encountered Janie at the back door; that he handed the warrant to Janie, and "she wanted to read it before she would let me in and all the time that she was holding me out she was talking in Spanish back over her shoulder"; that he finally got in and found two rooms equipped with beds just north of the kitchen. Oliver stated that in one of the rooms he found two people; that "the girl had her skirt off and her panties in her hand and the boy was trying to get his britches up and he wasn't even trying to button them he was just trying to hold them up and run"; and that when he got out of the building his fellow officers had another woman in custody; that one of the women was placed in jail that night and the other

the following morning. Oliver testified that Janie ran the cafe, took in money, and gave instructions to other people around the place as to what to do.

Deputy Sheriff Bartley testified that he had been stationed at the back door of the cafe on the occasion in question; that two girls came running out; that one of them had on no clothes and the other only her slip, and they were accompanied by a man who was pulling up his pants. Bartley stated that Janie Flores had on several occasions said that she was operating the cafe.

Sheriff Lee testified that the two women who were arrested in connection with the raid on Janie's Cafe were charged with vagrancy by prostitution and had employed attorney Hackney to represent them and that he had accepted their money.

Attorney Hackney was called by the state and testified that he was employed about the date in question by two women charged with vagrancy by prostitution and that he entered a plea of guilty for them as their attorney and paid the fine that was assessed. The judgments of conviction were introduced in evidence.

Appellant did not testify or offer any witnesses in her behalf.

We find the evidence sufficient to support the conviction.

We shall discuss the bills of exception advanced by appellant's able counsel in his brief.

Bills of Exception Nos. 2 and 3 complain of the proof of the pleas of guilty entered by the two women in question. Such evidence has been held admissible in Dimitri v. State, 70 Texas Crim. Rep. 17, 155 S. W. 535, and Hardeman v. State, 94 Tex. Cr. Rep. 642, 252 S. W. 503.

Bill of Exception No. 9 complains of the admission of the judgments of conviction themselves. The basis of appellant's complaint is that the defendants named therein were not shown to have been identified as those who were arrested at the cafe. As stated, Sheriff Lee testified that two women who were arrested in the raid on Janie's Cafe were charged with vagrancy by prostitution and employed attorney Hackney, who was shown to have entered their plea for them. This, we think, is sufficient.

Bill of Exception No. 15 complains that the state was permitted to reopen its case and put on additional testimony after the state had rested.

Article 643, V.A.C.C.P., provides: "The trial court shall allow testimony to be introduced at any time before the argument of a cause is concluded if it appears that it is necessary to a due administration of justice."

This court has held that this statute authorized a court to permit the State to reopen after a motion for instructed verdict and after the charge had been presented to the accused. Tarver v. State, 108 Tex. Cr. Rep. 655, 2 S. W. 2d 439, and Fullbright v. State, 131 Tex. Cr. Rep. 640, 101 S. W. 2d 571.

Bills of Exception Nos 16 and 17 complain of the refusal of the court to instruct a verdict of not guilty and grant a new trial because of the insufficiency of the evidence. The bills reflect no error.

Bill of Exception No. 18 relates to the argument of the county attorney as follows:

"The only testimony that has been on that stand was that the officers found them in a state, although of course the officers were not eyeball witnesses to the actual act of secual intercourse, I am sorry that they weren't. That is too bad that they didn't set there and watch it from beginning to end, but they didn't, or couldn't. They didn't testify as to that."

The objection is that the argument was not based upon the evidence.

We conclude that it was a logical deduction therefrom and therefore proper.

Finding no reversible error, the judgment of the trial court is affirmed.