Lindy Q. MIXON, Appellant,

v.

The STATE of Texas, Appellee.

No. 35106.

Court of Criminal Appeals of Texas.

Jan. 9, 1963.

Rehearing Denied Feb. 20, 1963.

Second Rehearing Denied March 20, 1963.

Lindy Q. Mixon, appellant, pro se.

Jack Tidwell, Dist. Atty., Mike Berry, Asst. Dist. Atty., Odessa, and Leon B. Douglas, State's Atty., Austin, for the State.

MORRISON, Judge.

The offense is burglary of a private residence at night, with two prior convictions of felonies less than capital alleged for enhancement; the punishment, life.

Kenneth Smith and his wife went to sleep in their apartment in Odessa on the night in question; he was awakened during the night and discovered appellant, without his shoes, in the next room; Smith told his wife to call the police, and appellant attempted to flee. After Smith caught appellant and threw him to the floor, appellant asked him not to call the police, stating, "I have your clothes. * * * Let me go—and we will forget it." Smith and his wife continued to struggle with appellant and were able to detain him until the police arrived, at which time Smith's entire wardrobe was recovered from an automobile parked nearby, as was a pair of shoes which were placed on appellant's feet and he was carried away. Mrs. Smith and the arresting officers also testified.

The prior convictions were established.

Appellant did not testify or offer any evidence in his own behalf. We shall attempt to discuss the contentions advanced by appellant. He first contends that, even

though Kenneth Smith testified that the property was taken from his apartment without his consent, the State did not make out a case because they failed to propound the same question to Smith's wife. The indictment charged a breaking of a house belonging to Kenneth Smith with intent to steal Smith's property. Kenneth's testimony was sufficient to make out the State's case. We quote from 4 Branch's Ann.P.C., 2nd Ed., Sec. 2536, page 864: ·

"Under the allegation that the entry into the house was with intent to commit theft, the State is not required to prove that defendant did not have the consent of persons not named in the indictment to take the property therefrom."

We have concluded that the fact that appellant was found shoeless in Smith's apartment, offered to return Smith's clothes if the matter could be dropped, plus the fact that a pair of shoes was found in the same automobile where Smith's clothes were located and that appellant wore the shoes away, conclusively established appellant's intent to appropriate Smith's wardrobe to his own use and benefit, and overrule his contention in this respect.

We likewise find no merit in the contention that the prior convictions alleged for enhancement were not admissible because the indictments charging such offenses failed to allege that the offenses named therein had occurred anterior to their presentment. Such omission is not a fundamental error and may not be raised collaterally. Flores v. State, 143 Tex.Cr.R. 382, 158 S.W.2d 1012. We observe, however, that each indictment shows to have

been filed anterior to the date alleged therein.

The court did not err in permitting the State to reopen its case and offer additional evidence before the charge was read to the jury. Flores v. State, 159 Tex.Cr.R. 608, 266 S.W.2d 386, and Martin v. State, 160 Tex.Cr.R. 364, 271 S.W.2d 279.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment of the trial court is affirmed.

## ON APPELLANT'S MOTION FOR REHEARING

DICE, Commissioner.

We have again reviewed the record in the light of appellant's motion for rehearing and remain convinced that a proper disposition was made of the case in our opinion on original submission.

The petition for writ of habeas corpus which appellant has attached to his brief on motion for rehearing will not be permitted as such may not be used as a substitute for appeal. Ex parte Eldridge, 154 Tex.Cr.R. 50, 224 S.W.2d 262.

In refusing to consider the petition for habeas corpus we are not unmindful of appellant's right to attack the validity of his conviction on the ground of denial of due process in an original habeas corpus proceeding brought for such purpose. Ex parte Bush, 313 S.W.2d 287, 166 Tex.Cr.R. 259; Jones v. Cunningham, 83 S.Ct. 373.

The motion for rehearing is overruled.

Opinion approved by the Court.