Affirmed and Memorandum Opinion filed November 23, 2005









Affirmed and Memorandum Opinion filed November 23, 2005.

 

 

 

In The

 

Fourteenth Court of Appeals

_______________

 

NO. 14-04-00410-CR

_______________

 

PHILLIP BERNARD JONES, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

___________________________________________________

 

On Appeal from the 230th District Court

Harris County, Texas

Trial Court Cause No. 980,469

___________________________________________________

 

M E M O R A N D U M   O
P I N I O N

Appellant, Phillip Bernard Jones, appeals his conviction for
burglary of a habitation with intent to commit theft.  In two issues, he contends the evidence is
legally and factually insufficient to support the conviction.  Because all dispositive issues are clearly
settled in law, we issue this memorandum opinion and affirm.  See Tex.
R. App. P. 47.4.

I. 
Background








On March 28, 2002, Gilberto Martinez lived on the second
floor of a duplex with five other family members.  That morning, Martinez used his Black and
Decker drill to help a neighbor with a carpentry project.  Later in the morning, he put the drill in its
box and placed the box on some clothes in a hallway as he rushed to go
somewhere.  He left the home unlocked, as
the family typically did during the day, and was gone for about an hour.  

In the mid to late morning of the same day, Luciano Sanchez
was performing carpentry work on the porch of the duplex when he saw appellant
exit Martinez=s home and walk away.  Sanchez recognized appellant because he had
seen him in the neighborhood.  Appellant
was carrying a jacket that appeared to be wrapped around an object.  When Martinez returned, Sanchez told him what
he had seen and described appellant. 
Martinez recognized the man as appellant because he had also seen him in
the neighborhood.  Martinez then
discovered that his drill was missing.[1]

The next morning, Houston Police Officer Joseph Romportl came
to the home and interviewed Martinez and Sanchez, who both identified
appellant.  Subsequently, James Robinson,
an officer in the burglary and theft division, conducted an investigation.  He showed Sanchez an array of photographs,
and Sanchez identified appellant.  A jury
found appellant guilty of burglary of a habitation with intent to commit
theft.  The trial court found an
enhancement paragraph to be true and sentenced appellant to thirty years= confinement.

II. 
Standard of Review








Appellant contends the evidence is legally and factually
insufficient to support the jury=s verdict.  In reviewing the legal sufficiency of the
evidence, we review all the evidence in the light most favorable to the verdict
to determine whether any rational trier of fact could have found the essential
elements of the offense beyond a reasonable doubt.  King v. State, 29 S.W.3d 556, 562
(Tex. Crim. App. 2000).  In reviewing the
factual sufficiency of the evidence, we consider all of the evidence in a
neutral light and will set aside the verdict only if (1) the evidence
supporting the verdict, if taken alone, is too weak to sustain the finding of
guilt beyond a reasonable doubt, or (2) the contrary evidence is so strong that
the State could not have met its burden of proof beyond a reasonable doubt.  Zuniga v. State, 144 S.W.3d 477, 484B85 (Tex. Crim. App. 2004).

III. 
Discussion

A person commits the offense of burglary if, without the
effective consent of the owner, the person enters a habitation with intent to
commit a theft.  See Tex. Pen. Code Ann. ' 30.02(a)(1) (Vernon 2003).  Appellant contends the evidence is legally
and factually insufficient to support the jury=s findings that he entered the
habitation without consent of the owner and with intent to commit a theft.

A.        Entry of the Habitation
Without Consent of the Owner

In his first issue, appellant challenges the sufficiency of
the evidence to support the finding that he entered the habitation without
consent of the owner.  AOwner@ means Aa person who has title to the
property, possession of the property, whether lawful or not, or a greater right
to possession of the property than the actor.@ 
See Tex. Pen. Code Ann.
' 1.07(a)(35)(A) (Vernon Supp.
2005).  








Here, Martinez testified that appellant did not have his
consent to enter the home.  Nonetheless,
appellant contends the other relatives who lived in the home all had a greater
right of possession than appellant, but the State failed to prove that appellant
lacked their consent to enter.  However,
the State is not required to prove that a defendant lacked consent of every
person with a superior right of possession. 
See Davis v. State, 782 S.W.2d 211, 220B21 (Tex. Crim. App. 1989); Mixon
v. State, 365 S.W.2d 364, 365B66 (Tex. Crim. App. 1963).  Instead, the State need only prove the
defendant lacked consent of the owner as alleged in the indictment.  See Davis, 782 S.W.2d at 220B21; Mixon, 365 S.W.2d at 365B66. 
Here, the State alleged in the indictment that Martinez was the
owner.  Therefore, the evidence is
legally and factually sufficient to support the jury=s finding that appellant entered the
home without consent of the owner.  See
Davis, 782 S.W.2d at 220B21 (finding sufficient evidence to prove burglary although
State did not prove defendant lacked consent of all occupants because owner as
alleged in indictment did not give defendant consent to enter home).  We overrule appellant=s first issue.

B.        Entry of the
Habitation with Intent to Commit a Theft

In his second issue, appellant challenges the sufficiency of
the evidence to support the finding that he entered the habitation with intent
to commit a theft.  A person commits
theft if he unlawfully appropriates property with intent to deprive the owner
of property.  See Tex. Pen. Code Ann. ' 31.03(a) (Vernon Supp. 2005).  AAppropriate@ means Ato acquire or otherwise exercise
control over property other than real property.@ See Tex. Pen. Code Ann. ' 31.01(4)(B) (Vernon Supp. 2005).

Here, the State presented evidence that appellant
appropriated the drill.  In particular,
Martinez placed the drill on some clothes in the hallway, left for about an
hour, and when he returned, the drill was missing.  His mother was the only other person in the
home at the time, but she had been sleeping and did not hear anything.  Martinez=s other family members did not know
what happened to the drill.  In the
meantime, Sanchez saw a man leave the home carrying a jacket which appeared to
be wrapped around an object.  Sanchez=s description of the size of the
object matched the size of the drill box.[2]  Later, Sanchez viewed photographs of six men
with similar characteristics and identified appellant as the man he saw leaving
the home.  Sanchez also identified
appellant at trial.








Appellant concedes there is sufficient evidence that he
entered the home, but he urges several reasons there is insufficient evidence
he took the drill.  For instance,
appellant asserts that Martinez gave conflicting testimony on whether a jacket
was also missing.  However, any conflict
over whether a jacket was missing does not negate Martinez=s testimony that the drill was
missing.  Further, whose jacket appellant
was carrying when he left Martinez=s home is irrelevant to whether he
took the drill.

Appellant further argues that Sanchez gave conflicting
testimony on whether an object was wrapped in the jacket when appellant left
Martinez=s home.  However, viewing Sanchez=s testimony as a whole, it is not
conflicting.  Rather, it is clear Sanchez
did not want to affirmatively state an object was wrapped in the jacket when he
never saw the object, but he believed appellant was carrying an object.  Nonetheless, the jury was entitled to resolve
any conflicts and inconsistencies in Sanchez=s testimony and believe that an
object was wrapped in the jacket.  See
Harris v. State, 164 S.W.3d 775, 784 (Tex. App.CHouston [14th Dist.] 2005, pet. ref=d).

In addition, appellant notes the police did not search
Martinez=s home or appellant=s home.  However, as trier of fact, the jury was free
to believe Martinez=s testimony that the drill was missing despite the fact that
the officers did not search his home. 
The jury could also have inferred that the officers= failure to search appellant=s home was immaterial because the
drill would not necessarily have been there. 
Appellant also notes that Officer Robinson did not find the drill at any
of the pawn shops he contacted.  However,
Officer Robinson testified he did not search all the pawn shops in
Houston.  Further, he testified that
stolen items are frequently sold on the street instead of pawned.  Therefore, the fact that the drill was not
found at a pawn shop does not negate the evidence that appellant took the
drill.








Finally, appellant contends that because Martinez=s home was left unlocked, anyone
could have entered and taken the drill. 
However, there is no evidence that anyone other than appellant entered
the home while Martinez was gone. 
Instead, Officer Robinson explained that the case was Aclear cut@ and there were no other
suspects.  Moreover, there is no
explanation why appellant, who was not a family member or friend, was in the
home if he did not take the drill.

Consequently, the jury could have found beyond a reasonable
doubt that appellant entered the habitation with the intent to commit
theft.  Further, the evidence supporting
the jury=s finding, taken alone, is not too
weak to sustain the finding beyond a reasonable doubt, and the contrary
evidence is not so strong that the State could not have met its burden of proof
beyond a reasonable doubt.  Accordingly,
the evidence is legally and factually sufficient to support the verdict.  We overrule appellant=s second issue.

The judgment of the trial court is
affirmed.

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered
and Memorandum Opinion filed November 23, 2005.

Panel consists of
Justices Hudson, Frost, and Seymore.

Do Not Publish C Tex.
R. App. P. 47.2(b).

 

 

 











[1]  Martinez
testified he discovered the drill was missing after he spoke with Sanchez;
however, Sanchez testified he told Martinez what he had seen after Martinez
mentioned that an item was missing.  In
any event, Martinez discovered the drill was missing and spoke with Sanchez
around the same time.





[2]  At trial,
Martinez described the drill box as eighteen inches wide, twenty-four inches
high, and six to eight inches thick.  At
trial, Sanchez=s description of the object appellant appeared to be
carrying was not as detailed, but he stated the object was eighteen inches
wide.  Moreover, Martinez testified that
on the day of the burglary, Sanchez described the size of the object appellant
was carrying, and the description matched the size of the drill box.