JOE ANDERSON v. THE STATE.

No. 9556.   Delivered June 24, 1925.

Rehearing Denied November 11, 1925.

**1.—Transporting Intoxicating Liquor—Charge of Court—Held Correct.**

Where on a trial for transporting intoxicating liquor, the evidence clearly raised the issue of principals, the court properly charged the jury on that issue, and the evidence disclosing that appellant was caught in a car containing 246 quarts of whisky which was being transported by him and one Tabor, the judgment will be affirmed.

**2.—Same—Judgment and Sentence—Reformed.**

It appearing that the sentence and judgment condemns appellant to confinement in the penitentiary for two years, same is reformed to confinement in the penitentiary for not less than one, nor more than two years.

**3.—Same—Continuance—Refusal of—Not Excepted to—No Error.**

Where a motion for a continuance is presented and overruled, and no exception taken to such refusal by the court, and the record presented not showing affirmatively that such motion was even presented to the court, no error is apparent.

Appeal from the District Court of Gregg County. Tried below before the Hon. P. O. Beard, Judge.

Appeal from a conviction for transporting intoxicating liquor; penalty, two years in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Tom Garrard*, State's Attorney, and *Grover C. Morris*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE.—Appellant was convicted in the district court of Gregg County of transporting intoxicating liquor, and his punishment fixed at two years in the penitentiary.

The statement of facts shows that appellant and a companion were driving a car in which there were 226 quarts of whiskey. The facts support the judgment.

Appellant asked for a continuance. There is no bill of exceptions complaining of its refusal. Appellant excepted to the charge of the court for submitting the issue of principals. The exception is without merit.

Appellant asked a special charge presenting the theory that if the jury believed beyond a reasonable doubt that he transported whisky, or was guilty of acting together with one Tabor as a principal, that they must find and believe beyond a reasonable doubt that he so transported said whisky or acted with said Tabor as a principal, in Gregg County, Texas. This charge was given.

Our attention is called to the fact that in sentencing appellant his confinement was directed for a period of two years. This is not in conformity with our indeterminate sentence law. The sentence will be reformed so as to direct the confinement of appellant in the penitentiary for a period of not less than one nor more than two years, and as reformed the judgment in all things will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—As stated in our original opinion, the action of the trial court in refusing the continuance was not excepted to. The refusal of such continuance is made the basis for

this motion. Further inspection of the record makes it doubtful as to whether said motion was ever brought to the attention of the court below. There is no order or judgment of the court overruling same. Appellant is in no position to contest the correctness of the refusal of said continuance.

The motion for rehearing will be overruled.

*Overruled.*