### JIM KIZER v. THE STATE.

No. 17893. Delivered February 5, 1936.
State's Rehearing Denied April 8, 1936.

The opinion states the case.

*W. Ray Scruggs* and *Burch Downman,* both of Houston, for appellant.

*Nelson Jones*, Assistant District Attorney, of Conroe, and *Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

KRUEGER, JUDGE.—The appellant was tried and convicted of the offense of murder with malice aforethought, and his punishment was assessed at confinement in the state penitentiary for a term of ten years.

The testimony shows that on or about the 19th day of May, 1934, the appellant, his wife, and deceased met at the home of R. D. Singleton. Appellant's purpose in going to Singleton's home was to get his hair cut as he intended to go to a party with his wife that night. While Singleton was engaged in cutting appellant's hair his wife left to go to her home. The deceased immediately followed her, overtook her at a branch, placed his arm on her shoulder and made an indecent proposal to her. She repelled his advances and ran to her home, to which the deceased followed her. Upon reaching home she picked up a gun and told him to leave, which he did. About an hour later when appellant returned home his wife informed him of deceased's insults to her. A few days later appellant informed Singleton of the deceased's conduct towards his, appellant's, wife and asked Singleton to go see the deceased and tell him that if he did not write an apology to Mrs. Kizer, he would have him indicted. Singleton conveyed the message to the deceased but deceased declined to make any apology saying that he had done nothing for which to apologize. Thereafter on the morning of the 4th day of June the appellant, accompanied by his wife, went to the home of the deceased. They found the deceased and his wife harvesting their potato crop. After an apparently friendly greeting and a short conversation the deceased accused appellant's wife of telling lies on him, whereupon the appellant, who was in the act of leaving, turned and shot him with a twenty-two rifle inflicting a mortal wound. At the time that Singleton conveyed to the deceased the message from appellant he, deceased, admitted that he overtook appellant's wife not at the gulley but at the gate leading to her yard; that he caught her by the arm and asked her to go home with him.

One of the defenses relied upon by appellant was that of insanity which he supported by some testimony and a judgment rendered and entered on the 30th day of June, 1927, by the County Court of Harris County, adjudging him to be a person of unsound mind, ordered him confined to the county jail of Harris County until such time as he might be conveyed to an insane asylum where he was to be confined for treatment.

This judgment was never vacated or set aside. It appears from the record that on the 17th day of November, 1929, appellant was conditionally discharged from the asylum. There was also some testimony offered showing that since the time that he had been informed of the deceased's conduct towards his wife that his acts and conduct indicated that his former condition of mind was recurring.

The court gave a lengthy and involved charge on insanity to which appellant timely and properly excepted on the ground that it placed the burden upon him to prove he was insane at the time he fired the fatal shot. The charge herein complained of is similar to the charge given by the court in the case of Glover v. State, 69 S. W. (2d) 136, which this court declared to be erroneous. In that case this court said: "It seems so well established by the authorities of this state, as to not admit of controversy, that, when at some time prior to the commission of the offense the accused has been adjudged insane by a court of competent jurisdiction, which is not shown to have been set aside or legally vacated in any way, this shifts the burden of proof from the defendant to the State in regard to insanity." It is true that in ordinary cases the presumption of sanity prevails and the burden of proving insanity is upon the accused. but this burden shifts in a case where the accused has been adjudged insane by a court of competent jurisdiction and the judgment has not been set aside or vacated. Under such a state of facts the presumption prevails that insanity continues until the contrary is shown and the jury should be so informed. See Davidson v. State, 109 Texas Crim. Rep., 251. In criminal cases where there is in evidence a valid judgment of insanity against the accused at the time of the commission of the offense charged, the State must prove beyond a reasonable doubt that at such time the accused was sane and the shifting of the burden of proof in the instant case from the State to the defendant may have been a matter of vital importance to him. We believe the appellant's objection to the court's charge was well taken and that the court should have responded to the same and revised his charge to meet the objections. The court's instruction on the subject of insanity is quite lengthy and somewhat multifarious and argumentative and might be revised to avoid further criticism on the part of appellant on another trial.

. For the error hereinabove pointed out the judgment of the trial court is reversed and remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The State moves for rehearing. We think the case correctly decided, and add, to what we said, a suggestion that we regard the long form of a charge on insanity, as laid down by Mr. Willson in his Criminal Forms, 4th Ed., Form 930, as so involved as that it is difficult for the lay mind to follow and understand same, and when,—as in the instant case,—attempt is made to make such charge fit the facts of a case like the one before us, it is exceedingly hard to prevent error. As illustrative,—in the beginning of the charge on insanity the court told the jury that the burden devolved on the defendant to establish his insanity at the time of the commission of the alleged offense. Manifestly this should not be incorporated in the charge when,—as in this case,—the defense of insanity was supported by an unvacated judgment declaring the accused insane. Again, in the latter part of the charge on insanity the court told the jury that if they believed from the evidence that since the date of the judgment of insanity the accused had been afflicted with recurrent insanity, that is, at times sane and at other insane, it devolved upon the accused to prove to the satisfaction of the jury that at the time he committed the offense, if he did, he was laboring under such defect of reason from disease of the mind as to not know what he was doing. This is not the law. See Yantis v. State, 95 Texas Crim. Rep., 541. This case was approved and followed in Davidson v. State, 109 Texas Crim. Rep., 251, in which both in the original opinion and in the opinion on rehearing we stressed the proposition that when the proof showed that at some time prior to the commission of the offense on trial the accused had been adjudged insane, and such judgment had never been set aside or vacated, that the burden of proof shifted to the State, and it became the duty of the trial court to instruct the jury that in such case the defendant was presumed to be insane until the State showed beyond a reasonable doubt to the contrary. See, also, Young v. State, 120 Texas Crim. Rep., 489; Glover v. State, 125 Texas Crim. Rep., 609. We are not to be understood as saying that the State did not have enough evidence to overcome the presumption of insanity in this case based on the fact of such former judgment, but

our holding is that the charge was an incorrect presentation of the law.

The State's motion for rehearing is overruled.

*Overruled.*

MORROW, P. J., absent.