## V. H. MAGEE V. THE STATE.

No. 19870. Delivered November 2, 1938.

184

The opinion states the case.

*J. Mitch Johnson,* of San Saba, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of a violation of the liquor laws of this State, in a dry area, and fined $100.00, hence this appeal.

We note only two complaints from appellant's brief:

He first complains of the search warrant because the affidavit therefor nowhere alleges that the premises to be searched was "occupied" by appellant, and quotes as his authority the case of Miller v. State, 114 S. W. (2d) 244, for the proposition that such allegation is vital to the sufficiency of the affidavit upon which the warrant is based.

We are not in accord with appellant's construction of the holding in the Miller case as being so restrictive as to require such affidavit to state in so many words that such house desired to be searched as a private dwelling was "occupied" by appellant. The occupancy thereof can be therein shown by allegations that

convey the same meaning without using the word "occupied." For instance, in this case we find the following allegations in such affidavit:

"1st. That in and upon certain premises in Justice Precinct No. One in the aforesaid county and State and more particularly described as follows, to-wit:

"Lots 4, 5, 6, in Block 8, in San Saba Heights Addition to the town of San Saba, Texas, on the 19th day of Nov. A. D. 1937, and before the making and filing of this affidavit, V. H. Magee who is in possession of said premises, and in violation of the liquor laws of the State of Texas, did then and there," etc.

Again we find the following therein: "(b) Personal knowledge that the said V. H. Magee is a professional, regular and continual bootlegger, plying his trade at his residence on the above described premises, where he keeps intoxicating liquor unlawfully for sale regularly, and habitually."

It seems to us that these statements are sufficient to allege that appellant occupied the above described premises.

Appellant's only further complaint is on account of the fact that the search warrant was introduced before and read to the jury, and we are cited to the late case of Seay v. State, 115 S. W. (2d) 418, in support of such conduct being reversible error. We think the Seay case to be correct, and if this matter was properly presented to us it would doubtless give us much concern. However we have searched the transcript and are unable to find any bill of exceptions therein complaining of such alleged error. In the absence thereof, we are unable to review such action of the trial court.

The statement of facts does bear the following annotation:

"The county attorney, at this time, offered in evidence the search warrant and the said fruits of the search, to-wit: the 7 pints of whiskey and the 5 one-half pints of whiskey, over the objections of the defendant."

This annotation is but evidence of an objection, without exception to the court's ruling, and can not be considered as a bill of exceptions to the action of the trial court in allowing the warrant to be read to the jury.

The judgment will be affirmed.

## ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—Appellant has filed in connection with his motion for rehearing a document denominated Bill of Exception No. 9 in which complaint is made of the refusal of the court to sustain the appellant's objection to the introduction in evidence of the affidavit and search warrant under which his premises were searched.

Under the terms of Art. 760, C. C. P., bills of exception must be filed in the trial court within thirty days after adjournment. In the present instance, no reason is advanced for the failure to file the bill of exception within the prescribed time. It is observed that the bill is dated February 24, 1938, so as to make it conform with the bills of exception which were before this court on the original submission of the case. The bill is not brought forward in a supplemental transcript; nor is it certified by the clerk of the court in which the trial was had. Therefore, the bill in question cannot be considered by this court.

The other questions presented in the motion for rehearing appear to have been discussed and properly disposed of in the original opinion.

The motion for rehearing is overruled.