### W. S. GUNTER V. THE STATE.

No. 20858. Delivered March 13, 1940.
Rehearing Denied April 24, 1940.

146

The opinion states the case.

*H. C. Hooser,* of Big Spring, and *M. J. Howze,* of Stanton, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is assault to murder with malice. The punishment assessed is confinement in the State penitentiary for a term of five years.

Appellant challenges the sufficiency of the evidence to sustain his conviction. The State's testimony, briefly stated, shows that on the 13th day of May, 1939, the appellant and two of his sons came to the town of Midland. S. L. Box, the injured party, was also in town. At a time when the injured party was on the street in front of a barber shop talking to R. S. Culp and Charles Hedges, appellant's son, Herman, walked

up to Mr. Box, asked him what he was doing in town, struck him and knocked him down. About this time appellant appeared on the scene and shot Mr. Box twice with a pistol. Appellant did not testify.

He offered in evidence a judgment of the County Court of Grayson County rendered on the 26th day of February, 1926, adjudging him to be a lunatic. His son, W. S. Gunter, testified with reference to appellant's mental condition that his father was excited after the difficulty. That his father was nervous, but outside of that he was as calm as anyone. He stated that his father had been in the insane asylum twice; that for the last few years he had been well physically, except that he worried about his son who had been killed. That he was perfectly normal at all times, and was in his right mind except that he grieved about the loss of his boy. That he was like any other man would be who had lost a son.

His daughter-in-law testified among other things as follows: "I have been in the family almost four years. * * Herman and I have been closely associated with his family. * * I have talked to my father-in-law on many occasions. He has been in ill health for some time, having trouble with his back. * * From my conversations with my father-in-law and from observing him and his conduct I believe he knows right from wrong and I tell the jury that he knows and did at the time know the difference between what is right and what is wrong. * * *"

It is true that when a defendant upon trial for a criminal offense introduces a judgment by a court of competent jurisdiction adjudging him insane, the presumption obtains that his insanity continues, and the burden rests upon the State to prove his sanity beyond a reasonable doubt at the time of the commission of the offense. See Glover v. State, 125 Tex. Crim. Rep., 605, 69 S. W. (2d), 136, Davidson v. State, 109 Tex. Crim. Rep., 251, 4 S. W. (2d), 74. The court so charged the jury and no exception of any kind seems to have been addressed to the charge. Under the facts of this case, we think the testimony adduced as to his sanity was sufficient to overcome the burden cast upon the State by the introduction of the judgment. See Hunt v. State, 33 Tex. Crim. Rep., 252; 26 S. W. 206.

We find in the record what are denominated as appellant's bills of exceptions. These bills are not included in or made a part of the transcript. They do not appear to have been certified by the clerk of the trial court as being authentic; consequently they cannot be considered by us. See Art. 760 C. C. P.,

Magee v. State, 136 Texas Crim. Reports, 184 (186) ; 123 S. W. (2d), 906. Appellant also complains that the trial court erred in overruling his second application for a continuance. He does not appear to have excepted to the action of the trial court in overruling said motion. Consequently the matter is not properly before us for review. See Anderson v. State, 101 Tex. Crim. Rep., 645, 276 S. W. 906; 4 Tex. Juris. p. 93, Sec. 60; Branch's Ann. P. C. Sec. 304, p. 183 and authorities there collated. Appellant also insists that the trial court erred in overruling his motion to quash the jury panel. It does not appear that an exception was taken at the time to the action of the court in overruling said motion. Moreover we notice that appellant set up in said motion that after the jurors who tried him had been sworn and the remaining ones on the panel dismissed, appellant for the first time raised a complaint that one of the jurors was a personal enemy of his. Appellant's attorneys seem to have examined all of the prospective jurors on their voir dire, and no objection whatever was addressed to the presence of the objectionable juror. Such matter presents no error. See Baker v. State, 3 Tex. App. Rep., 525, 532, Black v. State, 46 Tex. Crim. Rep., 590, where it is stated: "It is also well settled that where a juror has been selected, a challenge can not be interposed for a cause known to the party seeking to interpose the challenge at the time of impaneling the juror."

See also 26 Tex. Juris., p. 634-637.

All other matters complained of by appellant have been carefully examined by us and are deemed to be without merit.

No error of a reversible nature appearing in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant has had the record perfected relative to his bills of exception, and it is shown that the clerk through inadvertence failed to append thereto the approval of the trial judge, although same had been seasonably approved. We therefore consider these bills as now presented.

Bill No. 1 complains because, in connection with a judgment of conviction of the appellant for lunacy in 1926 in Grayson County, appellant was not permitted to introduce a clause appearing in the clerk's certificate as follows: "And there does not appear of record any proceedings to set aside the judgment herein described." Such statement on its face shows that it was not a part of the judgment proper, but was an ex parte statement of the clerk. It was therefore hearsay. It is also observed that there was nothing to show that the judgment had been set aside, and the trial court in his charge treated such judgment as though it was still in force and effect. In his charge he instructed the jury relative to such judgment of lunacy, and required of them that they must find appellant sane beyond a reasonable doubt before they could convict him of any offense. We see no error in this bill.

In bill of exceptions No. 2 appellant complains because of the trial court's failure to continue the case because of the absence of a witness by whom appellant could have proven why he had a pistol with him at the time of the shooting, the reason being that he was on a trade with a man by the name of Butler. Such testimony was not of such a material nature as to require a continuance, because the trial court placed no limitation upon appellant's right to have a pistol on his person. This also seems to be a subsequent application, and it further appears that such testimony was bound to have been known by appellant prior to the time of the trial, and could not have been a recently discovered witness upon appellant's part. It also appears that a conversation was had between the attorneys on each side relative to an admission as to the absent witness' testimony, and as to its truth, but the appellant's attorneys never took advantage of such offer.

Bills of exceptions Nos. 3 and 4 relate to an effort to discharge a juror who had been previously accepted by appellant, after the jury had been selected, impaneled and sworn, and the remainder of the jury panel discharged. Appellant alleged that such juror was an enemy of his, and was prejudiced against him; that appellant was not aware of the fact that such juror had been selected until the jury had been selected, impaneled and sworn.

The court overruled a motion to quash the jury panel in the following order: "The Court: The defendant W. S. Gunter's motion to quash the jury panel is overruled, defendant's motion being based upon the fact that C. R. Hines, a juror selected in this case was not agreeable to him because of alleged per-

sonal enmity between said defendant and said juror. Said motion is overruled because of the fact that defendant, together with the other defendants in this case, through their attorneys, were presented with a list of the jurors and before either the state or the defendant questioned the jurors upon their voir diré; and that said jurors were questioned upon their voir dire by the state's attorneys in the presence of all the defendants and in the presence of Mr. Hooser and Mr. Howze, attorneys for the said defendant, and the jurors were then questioned by Mr. Hooser in the presence of all of the said defendants and the State's attorneys upon their voir dire, and that after said questioning upon their voir dire said attorneys were given fifteen minutes in which to exercise their challenges to said list, and that instead of fifteen minutes being taken, thirty minutes were taken for the exercising of their challenges, and that said defendants and their attorneys had ample time and opportunity to make any cuts that they desired to make, and did make cuts of the jury list, that after said cuts were made by defendants and their attorneys, the jury was selected and sworn and that no objection was made to said juror C. R. Hines until after the jury was sworn and after the other jurors on the panel had been dismissed, and, therefore, said motion is overruled."

We do not think any error is evidenced by said bills.

We do not think any error is shown in bill No. 5. It is a mere statement to the effect that the State had failed in its proof to overcome the judgment of insanity against appellant. We think this matter was properly disposed of in the original opinion.

The motion is overruled.