## MARVIN HERRING V. THE STATE.

No. 21472. Delivered March 5, 1941.

The opinion states the case.

*McIntosh & Duncan,* of Gilmer, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of burglary. The punishment assessed is confinement in the State penitentiary for a term of four years.

It was charged in the indictment that on the 26th day of June, A. D., 1940, in the County of Upshur and State of Texas, Marvin Herring did then and there unlawfully, by force, enter a house occupied and controlled by O. S. Loyd, etc. The unlawful entry of the house by appellant and the theft of piston rings are sufficiently shown by the testimony.

Appellant's defense was that of insanity and in support of said plea he introduced a judgment entered by the County Court of Upshur County on the 14th day of August, 1931, adjudging

him to be a person of unsound mind. The testimony shows that under such judgment he was sent to the lunatic asylum at Terrell, Texas. This judgment seems to have been in full force and effect at the time of the commission of the alleged offense as well as at the time of his trial on the charge of burglary. The record fails to show that he was ever discharged as a result of having recovered his sanity. With this testimony before him, the court instructed the jury relative to the law of insanity and in connection therewith charged them as follows:

"The defendant is not required to establish his plea of insanity beyond a reasonable doubt; the burden is on him to establish it to the satisfaction of the jury by a preponderance of the evidence."

Appellant at the proper time and in due form, objected to said instruction on the ground that it shifted the burden of proof from the State to the defendant, but the court declined to heed the objection and failed to amend his charge. Under the circumstances, we are constrained to sustain his contention.

While, ordinarily, a defendant who relies upon insanity as an excuse on a criminal charge, or in a criminal prosecution, is required to sustain his plea by a preponderance of the evidence, yet, where he has theretofore been adjudged a lunatic and the judgment has not been set aside or vacated, and he has not been discharged from the asylum as fully restored to sanity, a different rule applies. In such cases, the State must establish his sanity beyond a reasonable doubt at the time of the commission of the offense. See Glover v. State, 125 Texas Cr. R. 605, (612), and cases there cited; also Gunter v. State, 139 S. W. (2d) 116.

Bill of Exception No. 1 reflects the following occurrence: While Olan Loyd, the alleged injured party, was testifying at the instance of the State, he testified as to the burglary of his house and theft of the piston rings. He then stated that appellant told him where the rings were and also told him to get them from Skinner Granville. Appellant objected to what he told Olan Loyd because he was under arrest at the time and had not been warned as required by law, which objection was overruled by the court and appellant excepted. It appears from the record that as a result of the information given by appellant to Loyd the rings were found where appellant said he had disposed of them. This being true, it made no difference whether he had been warned or not. Article 727, C. C. P. provides that when stolen property is found as a result of the confession, the

confession becomes admissible regardless of whether the accused has been warned or not. See Jones v. State, 96 S. W. 930; Sampson v. State, 78 Texas Cr. R. 432; Freeman v. State, 80 Texas Cr. R. 20, 188 S. W. 425; Torrence v. State, 85 Texas Cr. R. 310, 212 S. W. 957; Washington v. State, 86 Texas Cr. R. 327, 216 S. W. 869. Many other cases might be cited.

The matter complained of in Bill of Exception No. 2 will most likely not arise upon another trial. Hence, we pretermit a discussion thereof.

For the error hereinabove discussed, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.