EX PARTE ROY THOMAS HUBBARD.

No. 24371. March 9, 1949.

*J. B. Sallas,* Crockett, for appellant.

*Ernest S. Goens,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

On October 1, 1946, appellant was convicted in the District Court of Harrison County in two cases of ordinary felony, and sentenced to not less than two nor more than five years' con-

finement in the penitentiary in each case. The punishment assessed in the second case was made to run cumulative of that in the first case.

About two months thereafter, appellant was convicted in two cases of ordinary felony in the District Court of Marion County, with punishment assessed the same as that in the other cases. These sentences were made cumulative of prior convictions.

Appellant is now confined in the penitentiary of this state, serving the sentences imposed.

By writ of habeas corpus before the District Court of Houston County, the county of his confinement, he sought to have declared invalid the cumulative features of the Marion County sentences because, he alleged, there was insufficient evidence before the court to authorize or warrant the cumulation of sentences. The relief prayed for was, in effect, to have the cumulative features of the Marion County sentences declared invalid and stricken therefrom.

The relief prayed for was refused. From the order refusing such relief, this appeal has been perfected.

Obviously, appellant is seeking to attack and set aside, because of claimed procedural error, a material feature of the sentences imposed by the District Court of Marion County which are valid upon their face.

If the evidence was insufficient to warrant the entry of the cumulative orders, such could have been corrected by an appeal to this court from such convictions. No such appeal was made. The writ of habeas corpus cannot serve as a substitute for an appeal. 21 Tex. Jur., Habeas Corpus, Sec. 8, page 426; 19 Tex. Digest, Habeas, Corpus, Sec. 4, page 173, and authorities there cited.

The judgment of the trial court is affirmed.

Opinion approved by the Court.