EX PARTE PRESTON ALVIN PUCKETT

No. 27,380.   December 1, 1954
Rehearing Denied January 26, 1955

Relator represented himself.

*Wesley Dice,* State's Attorney, Austin, for the state.

DAVIDSON, Judge.

Relator is serving a sentence of life imprisonment in this state as an habitual criminal.

By application for the writ of habeas corpus to this court, he seeks his outright discharge from such custody or, in the alternative, an amelioration of his punishment.

The grounds for relief prayed for, as stated in the application, seek to have this court review and determine the correctness of the trial court's ruling in holding sufficient the

validity of and proof touching the alleged prior convictions relied upon by the state to enhance the punishment.

All such matters were properly reviewable by this court in an appeal from the judgment of conviction.

No appeal, however, was perfected.

For this court to now review such matters would authorize the writ of habeas corpus to be used as a substitute for an appeal in the case.

This we have repeatedly refused to do. The writ of habeas corpus cannot be utilized to take the place of an appeal. Attesting authorities are numerous and will be found collated under Note 5 of Art. 113, Vernon's C.C.P.

The indictment upon which the conviction was obtained is regular upon its face and authorized the punishment. Ex parte Daniels, 158 Texas Cr. R. 2, 252 S.W. 2d 586, therefore, has no application.

The application for the writ of habeas corpus is refused.

Approved by the court.

### ON RELATOR'S MOTION FOR REHEARING

WOODLEY, Judge.

Relator urges that we should declare the punishment of life imprisonment to be excessive because one of the prior convictions was not available to the state for enhancement purposes, and therefore he should not be required to serve more than the punishment applicable under Art. 62 P.C. for a second conviction for a non-capital felony of like character, which is 10 years.

This court is not authorized to enter a declaratory judgment. In cases of this character our duty is confined to a determination of whether the restraint and imprisonment is illegal.

The decision in this case will in no way prejudice relator's right to again apply for release when he has credit for ten years on his sentence.

Relator's motion for rehearing is overruled.