EX PARTE NOAH HAMILTON ELKINS, JR.

No. 30,744. May 13, 1959.

MORRISON, Presiding Judge, concurring.

*Murray J. Howze*, Monahans, for relator.

*George L. Fowler*, District Attorney, *George Gray*, Assistant

District Attorney, Odessa, and *Leon Douglas*, State's Attorney, Austin, for the state.

WOODLEY, Judge.

Relator pleaded guilty to the offense of robbery and is confined in the penitentiary under sentence for not less than five years nor more than thirty-four years, pronounced in the 70th District Court of Ector County on February 21, 1957.

Application for writ of habeas corpus, alleging that his confinement in the penitentiary under said sentence was void, was presented to Hon. Paul McCollum who presided at the robbery trial.

The application was amended so as to allege that the relator was insane at the time of the robbery; at the time of trial, and at the present time.

Hearing was granted and evidence was heard, relator being before the court with his attorney who has filed brief in his behalf.

Writ was granted and made returnable before this court as provided in Art. 119 V.A.CC.P.

The evidence is in conflict as to relator's sanity at the present time. If he is now insane the statutes provide for his transfer to a Texas State Mental Hospital and for credit on his sentence while receiving treatment there. Art. 932-1, Sec. 11, V.A.C.C.P. Since the enactment of this article and Art. 932b, V.A.C.C.P. the statutes no longer provide for a trial on insanity as a bar to punishment after final sentence has been pronounced.

As to the contention that relator was insane at the time of his trial for robbery, the judgment on his plea of guilty included the court's finding "and it plainly appearing to the court that the defendant is sane."

We are aware of no authority for a re-adjudication of the question of defendant's sanity at the time of his trial in a collateral proceeding.

As to the claim that relator was insane at the time of the robbery, that was a defense upon which the defendant had the burden of proof, and should have been raised at the trial.

The conviction is not void.

We need not rest our decision upon the holding that the judgment of conviction cannot be collaterally attacked and set aside by evidence that the defendant was insane at the time of the act, or at the time he was tried and convicted. At best, the evidence before us no more than raises a fact issue on the question of relator's legal sanity.

Our recent holding in Ex parte Bush, 166 Texas Cr. Rep. 259, 313 S.W. 2d 287, is cited. There the conviction was set aside, not because Bush had been adjudged insane but because he was not furnished counsel. The trial court appointed an attorney to represent relator at the robbery trial. He, as well as the sheriff, was convinced of appellant's sanity, and it so plainly appeared to the court.

The relief prayed for is denied.

MORRISON, Presiding Judge, (concurring).

I concur in denying the relief prayed for because the record before us presents a fact issue as to whether or not the relator was insane at the time of the entry of his plea of guilty. As I see it, the relator failed to meet the burden of proof required of him.