

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

December 20, 1962

Honorable Richard E. Rudeloff
County Attorney
Bee County
Beeville, Texas

Opinion No. WW-1509

Re: Whether the Commissioners'
Court may authorize the pay-
ment of expenses incurred
in the phychiatric examina-
tion of an indigent prisoner
charged with a felony, for
Dear Mr. Rudeloff:                the purposes stated.

You have requested an opinion from this office upon
the following questions:

"(1.) May the Commissioners Court of Bee
County authorize the payment of expenses to be
incurred in the phychiatric examination of an
indigent prisoner charged with a felony to de-
termine whether or not such prisoner was sane
at the time of the commission of the alleged
offense and whether or not he is sane at this
time?

"(2.) Is the Sheriff of Bee County author-
ized to incur bills, in behalf of the county,
for psychiatric examinations of an indigent
prisoner charged with a felony to determine
whether or not such prisoner was sane at the
time of the commission of the alleged offense
and whether or not he is sane at this time?"

In regard to the above-quoted questions you have set
forth the following facts:

". . . The attorney for the defendant has
filed a motion with the court, along with a sup-
porting affidavit of a local physician, raising
the issue of insanity. Such motion requested an
order that the defendant be submitted to a priv-
ate psychiatrist in San Antonio, Texas for mental
examination to determine whether the defendant

was sane or insane at the time of the commission of the offense and whether he is sane or insane at this time.  There is no psychiatric or neurological facilities available locally.  The estimated costs of such examination is $500.00.

"The 36th Judicial District Court of Bee County, the court in which such indictment is pending, has granted such motion and has issued its order authorizing the Sheriff of Bee County to transport the defendant to such psychiatrist in San Antonio, Texas and to such other place or places as such doctor may direct for the purpose of making such mental examination."

In a later letter you have also set forth certain additional facts to the effect that:

"On November 24th the District Judge in whose court such prisoner's case is pending issued an order whereby he found that the patient is 'mentally disturbed and violent.' and that there is no adequate facility for safekeeping him in jail in Bee County.  The Court ordered the prisoner to be transferred to the Bexar County jail until further ordered by the Court."

Article 1037, Vernon's Code of Criminal Procedure, provides that:

"Each county shall be liable for all expense incurred on account of the safe keeping of prisoners confined in jail or kept under guard, except prisoners brought from another county for safe keeping, or on habeas corpus or change of venue; in which cases, the county from which the prisoner is brought shall be liable for the expense of his safe keeping."

Article 1040, Vernon's Code of Criminal Procedure, provides in part that:

"For the safe keeping, support and maintenance of prisoners confined in jail or under guard, the sheriff shall be allowed the following charges:

". . ."

"3.   For necessary medical bill and reason-
able extra compensation for attention to a
prisoner during sickness, such an amount as the
commissioners court of the county where the
prisoner is confined may determine to be just
and proper."

In the case of Bush v. State, 353 S.W.2d 859 (Crim.
App. 1962), the Court stated that:

"The Constitution of Texas, Art. 1, Sec.
15-a, Vernon's Ann. St., relates to the commit-
ment of one found to be insane.  It does not
relate to insanity as a bar to prosecution or
as a defense in a criminal case.  A defendant
in a criminal case may successfully plead in-
sanity as a bar to prosecution or punishment,
or as a defense, though the evidence may not
be such as would authorize his commitment.

"We find no provision in the constitution
or statutes which requires a court to appoint
a psychiatrist for one charged with a crime or
order that he be sent to a hospital for obser-
vation.  In Ellzey v. State, 158 Tex.Cr.R.604,
259 S.W.2d 211, this Court held that the law of
this State does not require a trial court to
send a person charged with an offense, prior to
an adjudication of insanity, to an institution
for diagnosis or observation.  The prior adju-
dication of insanity of appellant, in the lunacy
proceeding, would not require such an order.  We
find no error in the court's refusal."

Upon motion for rehearing the Court, in Bush v.
State, supra, further stated that:

"In a highly professional brief and oral
argument, appellant urges that we were in error
in our original holding that he was not under
the Constitution of the United States entitled
to the appointment of a psychiatrist, to be com-
pensated by the State for his examination of
appellant and for his time while testifying, in
the event he concluded that appellant was a
person of unsound mind.  This Court does not
turn a deaf ear to appellant's claims of his
constitutional rights, as will be seen from our
opinion in which we granted relief to him in Ex

parte Bush, 166 Tex. Cr.R. 259, 313 S.W.2d 287.
But we are not inclined to extend the holding of
the Supreme Court of the United States in United
States ex rel. Smith v. Baldi, 344 U.S. 561, 73
S. Ct. 391, 97 L.Ed. 549, when that Court said
'We cannot say that the State has that duty by
constitutional mandate.'"

In a prior opinion by this office, Attorney General's
Opinion No. R-2474 (1951), it was held that:

". . . this office expressly held in Att'y
Gen. Op. 0-4708 (1942) that a County is liable
under the provisions of Articles 1037 and 1040,
V.C.C.P., for the necessary and reasonable medi-
cal expenses of a prisoner during illness when
the prisoner is confined in jail or under guard.
The reasonableness, as well as the just and proper
amount of the charges for such medical treatment
is a matter to be determined by the Commissioners
Court." (Emphasis added)

Attorney General's Opinion No. R-2474 (1951) further
states that:

". . . Of course, it is for the Commission-
ers Court to determine the reasonableness of the
claim presented, and the Court may pay only such
amount as it determines to be just and proper."

In view of the language of Articles 1037 and 1040,
Bush v. State, supra, and Attorney General's Opinion R-2474
(1951), we are of the opinion that the Commissioners' Court
is charged with the responsibility, by statute, of determining
the necessity and reasonableness of medical care and treatment
rendered to prisoners confined in jail or under guard during
sickness. However, we are of the further opinion that the
medical care and treatment provided for in Article 1037 and
1040 is that medical care and treatment necessary to protect
and preserve the health and well-being of the prisoner, and
would not include mere medical examination to determine the
sanity or insanity of a prisoner whereby the prisoner would
have available evidence to be used as a defensive issue in
regard to the crime for which he is charged.

Insofar as the Commissioners' Court has the respon-
sibility of passing upon the necessity and reasonableness of
any medical care or treatment rendered a prisoner confined in

jail or under guard, the Sheriff can only bind the county for such medical expenses as are deemed necessary, just and proper by the Commissioners' Court.

## SUMMARY

The Commissioners' Court has the responsibility of determining the necessity and reasonableness of medical care and treatment rendered prisoners confined in jail or under guard pursuant to Articles 1037 and 1040, Vernon's Code of Criminal Procedure. The Commissioners' Court may authorize the payment of expenses to be incurred in the psychiatric examination and treatment of an indigent prisoner if said Court determines that such examination and treatment is necessary to protect and preserve the health and well-being of the prisoner, but this would not include medical or psychiatric examination merely to determine the sanity or insanity of a prisoner whereby the prisoner would have available evidence to be used as a defensive issue in regard to the crime for which he is charged.

The Sheriff can only bind the county for such medical expenses, for a prisoner in jail or under guard, as are deemed necessary, just and proper by the Commissioners' Court.

Yours very truly,

WILL WILSON
Attorney General of Texas

By Pat Bailey

Pat Bailey
Assistant

PB:wb:zt

APPROVED:
OPINION COMMITTEE
W. V. Geppert, Chairman
Iola Wilcox
Vernon Teofan

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore