**Ex parte John R. PREW.**

**No. 36240.**

Court of Criminal Appeals of Texas.

Oct. 16, 1963.

Jackson & Jackson, by Randall C. Jackson, Abilene, for petitioner.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

Upon his plea of guilty before the court, John R. Prew was found guilty of passing a forged instrument in writing and sentenced to a term of two to three years in the penitentiary.

This sentence was pronounced in Cause No. A 3690, in the 70th District Court of Ector County on November 16, 1962, and is being served.

While he was thereafter confined in jail in Taylor County, awaiting trial on a forgery charge, a petition was presented to Hon. J. R. Black, Judge of the 42d Judicial District of Texas, attacking as void the conviction in Ector County upon the allegation that the petitioner was insane at the time of the offense and when he was tried.

Judge Black granted a hearing and, following the hearing, directed that the original documents, depositions and other evidence introduced at the hearing "be used in the transcript of the proceedings".

No order was made by Judge Black granting the writ and making it returnable before this Court, as authorized by Art. 119 Vernon's Ann.C.C.P.

The petition presented may be considered by this Court only as a petition for habeas corpus originally presented to this Court.

If before us, petitioner's attack upon the Ector County conviction cannot be sustained.

In Ex parte Elkins, 168 Tex.Cr.R. 117, 324 S.W.2d 1, we said: "We are aware of

no authority for a readjudication of the question of defendant's sanity at the time of his trial in a collateral proceeding. As to the claim that relator was insane at the time of the robbery, that was a defense upon which the defendant had the burden of proof, and should have been raised at the trial. The conviction is not void."

The rule stated in Elkins appears to be the same as that in other jurisdictions. See Fisher v. Fraser, 171 Kan. 472, 233 P. 2d 1066, and annotations 29 A.L.R.2d 699, 703.

The petitioner, represented by counsel, pleaded guilty to the Ector County indictment. The judgment recites that it appeared to the court that he was sane.

If the petitioner is now mentally ill, Art. 932–1, Section 11, Vernon's Ann.C.C.P., provides authority for transferring him to a mental hospital for treatment.

The petition for habeas corpus is denied.