O’Connor, J.,
concurring.
{¶ 17} I concur in the majority’s answer to the certified question that there is no state postconviction relief or other state-law mode of action to litigate the issue of whether a specific lethal-injection protocol is constitutional under Baze v. Rees (2008), 553 U.S. 35, 128 S.Ct. 1520, 170 L.Ed.2d 420, or under Ohio law. I write separately, however, to address the flawed argument in the dissent of Chief Justice Brown, that a declaratory-judgment action is the proper avenue for litigating this issue.
{¶ 18} The dissent declares that Michael Scott has the right to a quick and painless death under R.C. 2949.22(A) and that Ohio courts are obligated to enforce that right by determining whether the lethal-injection protocol satisfies the statutory criteria. The dissent sanctions a declaratory-judgment action as the appropriate mechanism through which a petitioner can protect his right. I disagree.
{¶ 19} Ohio’s Declaratory Judgment Act authorizes courts of record to “declare rights, status, and other legal relations whether or not further relief is or could be claimed.” R.C. 2721.02(A). And as this court has held, a declaratory-judgment action provides a “means by which parties can eliminate uncertainty regarding their legal rights and obligations.” Mid-Am. Fire & Cas. Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 8.
(¶ 20} The flaw in the dissent’s position, however, is that R.C. 2949.22(A) does not create a cause of action to enforce any supposed right to a quick and painless death. Cooey v. Strickland (C.A.6, 2009), 589 F.3d 210, 234. Rather, the statute directs that the death sentence be carried out by lethal injection of a drug, or combination of drugs, of sufficient dosage to quickly and painlessly cause death to the person upon whom the death penalty was imposed. R.C. 2949.22(A). The statute, therefore, imposes a duty upon the individual administering the lethal-injection protocol, but it does not plainly create any right to a quick and painless death as the dissent mistakenly presumes. In the absence of demonstrating an established right, a declaratory judgment does not lie under R.C. 2721.02(A).
{¶ 21} The dissent’s summary suggestion that all death-row petitioners should be permitted to assert both constitutional and statutory challenges to the lethal-injection protocol by means of a declaratory-judgment action is also flawed by the *323 speculative nature of such a claim. While the declaratory-judgment statutes should be liberally construed, the statutes are not without limitation:
{¶ 22} “Most significantly, in keeping with the long-standing tradition that a court does not render advisory opinions, they allow the filing of a declaratory judgment only to decide ‘an actual controversy, the resolution of which will confer certain rights or status upon the litigants.’ Corron v. Corron (1988), 40 Ohio St.3d 75, 79, 531 N.E.2d 708. Not every conceivable controversy is an actual one. As the First District aptly noted, in order for a justiciable question to exist, ‘ “ ‘[t]he danger or dilemma of the plaintiff must be present, not contingent on the happening of hypothetical future events * * * and the threat to his position must be actual and genuine and not merely possible or remote.’ ” ’ League for Preservation of Civil Rights v. Cincinnati (1940), 64 Ohio App. 195, 197, 17 O.O. 424, 28 N.E.2d 660, quoting Borchard, Declaratory Judgments (1934) 40.” Mid-Am. Fire & Cas. Co. v. Heasley, 113 Ohio St.3d 133, 2007-Ohio-1248, 863 N.E.2d 142, ¶ 9.
{¶ 23} A death-row petitioner’s challenge to the lethal-injection protocol is based on the possibility that the application of the protocol could violate his rights under the Constitution and/or Ohio law. Thus, the claim would be contingent on the happening of a hypothetical future event, which is an impermissible basis to support a declaratory-judgment action. Ex parte Alba (Tex.Crim.App.2008), 256 S.W.3d 682, a case upon which the dissent relies, lends further credence to my view. Therein, the court rejected a death-row convict’s application for habeas relief challenging the lethal-injection protocol and addressed the pitfalls of using a declaratory-judgment action to challenge the protocol:
{¶ 24} “[Ejven if the mixture currently used for lethal injection is determined to violate the Eighth Amendment, Applicant would still not be entitled to release or retrial— he would still be subject to the same sentence, which would be carried out using a different mixture as determined by the Texas Department of Criminal Justice. Additionally, the three-drug mixture Applicant complains about may not even be used when the date of his execution is set. Therefore, any consideration of the merits would result in a declaratory judgment and would not result in relief for Applicant. See Ex Parte Puckett, 161 Tex.Crim. 51, 274 S.W.2d 696, 697 (1954) (stating, ‘This court is not authorized to enter a declaratory judgment.’).” Id. at 686.
{¶ 25} In addition to the remoteness of Scott’s challenge to the possibility that the injection protocol may cause him severe pain, the current protocol may not even be used when his execution date is set. In fact, media outlets repeatedly have reported on an alleged shortage of sodium thiopental, the drug currently used by Ohio in executions. See, e.g., Kathy Lohr, States Delay Executions Owing to Drug Shortage (Sept. 16, 2010), http://www.npr.org/templates/story/ *324 story.php?storyId=129912444 (last accessed Nov. 10, 2010). Furthermore, as noted in Ex parte Alba, a declaratory judgment potentially would not offer Scott any relief from his death sentence.
{¶ 26} Finally, the “possibility” that the lethal-injection protocol would cause Scott or any death-row convict severe pain is further undermined by the recent holding in Cooey, 589 F.3d 210. In Cooey, the Sixth Circuit Court of Appeals thoroughly reviewed evidence presented regarding Ohio’s current one-drug protocol and determined that the current protocol is similar to the three-drug protocol held constitutional by the United States Supreme Court in Baze. 589 F.3d at 221. The court therefore concluded that the risk of severe pain was no greater — and likely less — than that inherent in any constitutional lethal injection. Id.
{¶ 27} The dissent’s endorsement of a declaratory-judgment action for litigating Scott’s claim is not only misguided, it is unsupported by Ohio’s Declaratory Judgment Act. Accordingly, I concur in the majority’s judgment.