### PRUDENCIO AGUIERRE V. THE STATE.

*No. 101.   Decided February 4.*

1. **False Swearing — Affidavit to Secure Marriage License— Charge.**—On a trial for false swearing, based on an affidavit to secure a marriage license, where the defendant requested the court to instruct the jury, that " if at the time defendant made the affidavit set out in the indictment he believed said Petra Guerero was eighteen years of age, he would not be guilty of false swearing, and should be acquitted," *held*, error to refuse the instruction, because if he believed the matter to be true, as stated in the affidavit, he would not be guilty of the offense charged.

2. **Quantum of Proof in Perjury and False Swearing, Charge of Court as to.**—In perjury cases, it is essential that the jury be instructed that a conviction can not be had except on the testimony of two credible witnesses, or of one credible witness strongly corroborated by other testimony as to the falsity of defendant's statement under oath; and the same rule applies in cases of false swearing.

APPEAL from the District Court of Bexar.   Tried below before Hon. G. H. NOONAN.

This is an appeal from a judgment of conviction for false swearing, in order to obtain the issuance of a marriage license, and wherein the punishment assessed by the verdict and judgment was imprisonment for two years in the State penitentiary.

Statement of the facts not necessary.

No briefs on file with the record in this case.

DAVIDSON, JUDGE.—Appellant was convicted of false swearing.

The indictment is predicated upon an affidavit alleged to have been made by the defendant for the purpose of obtaining a marriage license, in which the names of the parties are stated to be Jose Maria Gonzales and Petra Guerero, and that they were of lawful age.   The affidavit was

·made before Berara, deputy county clerk. In substance, the defendant testified, that the girl Petra Guerero gave him a paper on which she had written her age at 18 and Gonzales' at 25; that Enecentia Guerero, whom he believed to be her aunt, confirmed the girl's statement as to her age; that the girl and her supposed aunt asked him to secure the marriage license, and that he complied with this request. From these facts, as well as her appearance and size, he believed her to be of age; otherwise he would not have attempted to secure the license. He further testified, that he did not make or sign the affidavit, but only stated to the clerk the age of the girl. Defendant is a good penman. The affidavit was signed by the affiant making his mark.

Defendant requested the court to charge the jury: "If at the time the defendant made the affidavit set out in the indictment he believed said Petra Guerero was eighteen years of age, he would not be guilty of false swearing, and should be acquitted." This was refused, and a bill of exceptions reserved. This instruction was directly applicable to the testimony, and should have been given. If defendant believed the matter to be true, as stated in the affidavit, he would not be guilty of the offense described.

The defendant also requested that the jury be instructed, "that in all trials for perjury and false swearing, the law requires that no person shall be convicted of perjury or false swearing except upon the testimony of. two credible witnesses, or one credible witness corroborated strongly by other evidence as to the falsity of the defendant's statement under oath." In perjury cases it is essential that the jury be instructed that a conviction can not be had except upon the testimony of two credible witnesses, or of one credible witness corroborated strongly by other testimony as to the falsity of defendant's statement under oath. Code Crim. Proc., art. 746; Wilson v. The State, 27 Texas Ct. App., 47; Smith v. The State, 27 Texas Ct. App., 50; Miller v. The State, 27 Texas Ct. App., 497; Brookin v. The State, 27 Texas Ct. App., 701; Grandison v. The State, 29 Texas Ct. App., 186.

The same rules apply in cases of false swearing as in perjury, as to the quantum of proof; and "to prove that the assertion or declaration was false in fact, there must be the same corroboration of a witness, either by another witness or by additional circumstances, as is required to support a charge of perjury." 7 Am. and Eng. Encyc. Law, p. 794, and note 5; Regina v. Browning, 3 Cox Crim. Cases, 437.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.