T. C. ANDERSON v. THE STATE.

No. 13002. Delivered March 5, 1930.
Reported in 25 S. W. (2d) 839.

The opinion states the case.

*Grindstaff, Zellars & Hutcheson* of Weatherford, and *Arthur Lee Moore,* of Fort Worth, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—Offense, the unlawful manufacture of in-toxicating liquor; penalty, one year in the penitentiary.

Operating under a search warrant, officers searched a barn on premises occupied by appellant. In this building they found a still and a large quantity of mash and whiskey.

Objection was made to the admission of all evidence which showed the presence of the still, whiskey, mash, etc., for the reason that both the affidavit and search warrant were invalid, among other reasons for that discussed below. The affidavit states that the barn belonged to a "person whose name is unknown to affiants" and the search warrant commands the search of certain buildings therein set out "now occupied by a person or persons unknown." Neither the affidavit nor the search warrant gives the name of the occupant of the premises to be searched where intoxicating liquors were alleged to be sold and kept for the purpose of sale. Such documents neither describe him nor contain an averment that his description was unknown, though they each show that some person was actually in charge of same. The allegations of both of these go no further than to merely state that his name is unknown. One of the mandatory requirements contained in Art. 316, C. C. P., relating to search warrants is:

"That it name the person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate."

This question was recently before the court in the case of Tillery v. State, No. 12896, opinion delivered January 15, 1930, not yet officially reported, where the question is discussed and the authorities collated.

Because both the affidavit and search warrant were invalid in the respects pointed out above, the testimony touching the result of the search was inadmissible and appellant's objection to same should have been sustained.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.