JOHN MANLY V. THE STATE.

No. 14629.   Delivered April 6, 1932.

The opinion states the case.

*J. T. Ranspot,* of Mineral Wells, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The original opinion is withdrawn, and in lieu thereof the following remarks are made: Appellant was convicted of the unlawful possession of intoxicating liquor for the purpose of sale, and a penalty assessed against him of confinement in the penitentiary for one year.

The affidavit for the search warrant, as set out in bill of exception No. 3, after describing the private residence, contains the following: "Said described private residence is occupied by negro, name unknown."

In the affidavit there is no further description of the person. The requisites of an affidavit for a search warrant are set in article 310, C. C. P., as follows: "The name of the person accused of having stolen or concealed the property; or, if his name is unknown, giving a description of the accused, or stating that the person who stole or concealed the property is unknown."

The insufficiency of the affidavit has been declared in Denzlinger v. State, 116 Texas Crim. Rep., 158, 28 S. W. (2d) 160; Naulls v. State, 115 Texas Crim. Rep., 44, 27 S. W. (2d) 180; Tillery v. State, 114 Texas Crim. Rep., 106, 24 S. W. (2d) 844; Anderson v. State, 114 Texas Crim. Rep., 448, 25 S. W. (2d) 839; De Aguirre v. State, 109 Texas Crim. Rep., 584, 7 S. W. (2d) 76; Alford v. State, 8 Texas App. 561.

The search warrant based upon the imperfect affidavit mentioned was illegal, and the evidence obtained through the search of the appellant's residence upon the authority of the search warrant mentioned was inadmissible in evidence.

It appears from the record that the evidence against the appellant was obtained under a search warrant which was invalid for the reason that the affidavit failed to comply with the demand of the statute with reference to the name and description of the possessor of the place to be searched. The insufficiency of the affidavit rendered the search unauthorized under article 727a, C. C. P., 1925. The evidence having been obtained under an illegal warrant, the court was in error in receiving it in evidence and permitting the judgment against the accused to be based thereon.

For the reasons stated, the motion for rehearing is granted, the order of affirmance is set aside, the judgment of the trial court is reversed and the cause remanded.

*Reversed and remanded.*