R. W. BROWN v. THE STATE.

No. 19929.   Delivered November 16, 1938.
On the Merits January 25, 1939.

The opinion states the case.

*Henry Adams,* of Crockett, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is possession of whisky for the purpose of sale in a dry area; the punishment, a fine of $100.

It appears that notice of appeal was not carried into the minutes of the trial court. Art. 827, C. C. P., reads as follows:

"An appeal is taken by giving notice thereof in open court at the term of court at which conviction is had, and having the same entered of record. If notice of appeal is given at the term at which the conviction is had and the same is not entered of record, then by making proof of the fact, the judge of the court trying the cause shall order the same entered of record either in term time or vacation by entering in the minutes

of his court an order to that effect. Said entry when so made shall bear date as of date when notice of appeal was actually given in open court."

The notice of appeal must be entered of record in the minutes of the court in order that the jurisdiction of this court may attach. Carre v. State, 75 S. W. (2d) 265.

The recognizance for the appeal appears to have been filed but not entered upon the minutes of the trial court. The entry in the minutes was essential to confer jurisdiction upon this court.

Appellant is granted fifteen days from this date in which to perfect the record.

The appeal is dismissed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON THE MERITS

CHRISTIAN, JUDGE.—The record having been perfected, the appeal is reinstated and the case considered on its merits.

Operating under what they thought to be a sufficient search warrant, officers went to appellant's place of business for the purpose of making a search for intoxicating liquor. Upon searching said place they found more than a quart of whisky. There was no testimony that appellant had ever sold or offered to sell any of the whisky.

Appellant did not testify and introduced no witnesses.

Appellant objected to the testimony of the officers touching the result of the search on the ground that the description of the premises set forth in the affidavit and search warrant was insufficient in several particulars. It was averred in said instruments that the premises to be searched were "the premises of one Brown and some person or persons whose name or names and descriptions" were unknown to the affiants. There was no averment that Brown's given name was unknown. We think such an averment was necessary. Among other things, the statute requires that the affidavit and search warrent contain the name of the person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him

to be brought before the magistrate. Article 316, C. C. P. We quote from Anderson v. State, 25 S. W. (2d) 839, as follows:

"Neither the affidavit nor the search warrant gives the name of the occupant of the premises to be searched * * *. Such documents neither describe him nor contain an averment that his description was unknown, though they each show that some person was actually in charge of same. One of the mandatory requirements contained in Article 316, C. C. P., relating to search warrants is: 'That it name the person accused of having charge of the suspected place, if there be any such person, or, if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate.' "

Also we find in the affidavit and warrant no recital that appellant either occupied, possessed, or had charge of the premises to be searched. One of such recitals was essential to the validity of the affidavit and warrant. Miller v. State, 114 S. W. (2d) 244.

In view of the defects above mentioned, we are constrained to hold that the testimony touching the result of the search was erroneously received.

Over appellant's proper objection, the search warrant and affidavit therefor, were introduced in evidence before the jury. The bill of exception reflects error. The recitals in said documents that appellant was selling whisky and possessed whisky for the purpose of sale were hearsay and therefore inadmissible. McFarland v. State, 7 S. W. (2d) 955.

The judgment is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.