A. D. JONES v. THE STATE.

No. 22921. Delivered October 25, 1944.

*Reversed and remanded.*

The opinion states the case.

*E. F. Fruechte,* of Wichita Falls, and *Rollie Francher,* of Seymour, for appellant.

Ernest S. Goens, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted in the county court of Baylor County of a violation of the liquor laws, and sentenced to pay a fine of $250.00, and an imprisonment in jail for a term of ninety days, hence this appeal.

It is necessary to consider only one point raised in this appeal, which will dispose of the case.

Appellant's home was searched by enforcement officers by virtue of a search warrant issued upon an affidavit, and in said affidavit and warrant the place desired to be searched was referred to only as the "premises of A. D. Jones." Nowhere therein is it set forth in such affidavit and warrant that appellant occupied, possessed, was in control of or had charge of such premises. We said in Miller v. State, 114 S. W. (2d) 244, that:

"Many people own 'premises' on which there may be situated many residences, all of which may be occupied by people other than the owner, when he in fact lives—has his residence—at an entirely different place. It is true the officers testified that they knew the house searched was appellant's residence, but such testimony would not supply the omission of such averment in the description of the property in the affidavit and warrant." Also see 38 Tex. Jur., 56.

Again it was said in the case of Brown v. State, 124 S. W. (2d) 124:

"Also we find in the affidavit and warrant no recital that appellant either occupied, possessed, or had charge of the premises to be searched. One of such recitals was essential to the validity of the affidavit and warrant."

The affidavit and warrant issued thereunder being thus defective, the search of the house was illegal. Any testimony based upon such illegal search was inadmissible herein, and its admission requires a reversal of the judgment.

The State's Attorney also confesses error in this cause.

The judgment is reversed and the cause remanded.