# NOVEMBER 13, 1946

EDWARD C. COE V. THE STATE.

No. 23485. Delivered November 13, 1946.

The opinion states the case.

*Nelson, McCleskey & Howard,* of Lubbock, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted of the unlawful possession of illicit liquor and fined the sum of $300.00.

The gist of the offense charged is that he possessed certain whisky upon which no stamp was affixed showing the payment of a tax due the State of Texas.

An agent of the State Liquor Control Board, together with another, filed an affidavit requesting the issuance of a warrant to search "the premises of Edward C. Coe," alleging that they believed the same to be a place where, among other things, they had been "reliably informed that illicit beverages were being kept, stored, possessed, and * * * that whisky, wine and beer is being kept and stored for the purpose of sale upon said premises."

Upon the trial hereof, it was shown that a warrant to search the premises of appellant was issued, based on such affidavit, and that there was found a substantial quantity of whisky, wine and beer.

Appellant objected to the introduction of the fruits of such search on many grounds, chief among them being that nowhere in such affidavit was it alleged "that affiants were informed that defendant was in possession of any illicit beverages, or that the defendant was in possession and control of the premises upon which such beverages were suspected to be." We are of the opinion that in the affidavit, a mere allegation that the place desired to be searched was "the premises of Edward C. Coe," and the absence of any further statement relative to his possession and control of such premises, would render a search warrant thereunder improper and insufficient as a matter of law to authorize the introduction of testimony obtained by virtue of a search thereunder. There are many premises owned by persons who do not occupy or control such premises. See Miller v. State, 134 Tex. Cr. R. 118, 114 S. W. (2d) 244.

In Brown v. State, 124 S. W. (2d) 124, we said:

"Also we find in the affidavit and warrant no recital that appellant either occupied, possessed, or had charge of the premises to be searched. One of such recitals was essential to the validity of the affidavit and warrant." (Miller v. State, supra.)

To the same effect is Jones v. State, 182 S. W. (2d) 919, quoting the above excerpt from the Miller case. See also Gleghorn v. State, 182 S.W. (2d) 902; Art. 316, sec. 4, Vernon's Ann. Tex. C. C. P.

Appellant also called to the trial court's attention a paragraph in the charge to the jury wherein it was told in substance that it was necessary that the tax due the State on the liquor should have been paid in Garza County. We are not aware that the payment of a tax on intoxicating liquor requires that such

payment shall be made in the county where the liquor may be found. It is merely required that the tax be paid to the State.

Because of the defective affidavit and search warrant, testimony as to what was found upon such search was not admissible herein. See Art. 727a, C. C. P.

The judgment will be reversed and the cause remanded.