JOE MORRISON AND CECIL GUTHRIE V. THE STATE.

No. 23684. Delivered June 11, 1947.

*Allison & Chandler* and *K. J. Bragdon,* all of Levelland, for appellant.

*Lavern I. McCann,* County Attorney, of Levelland, and *Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellants were convicted of the offense of possessing whisky in a dry area for the purpose of sale. The punishment assessed against each of the appellants is a fine of Five Hundred Dollars.

Appellants bring forward fourteen complaints, each by a separate bill of exception. These complaints can well be disposed of on two legal propositions. By Bill of Exception No. 1 they claim that the affidavit for the search warrant and the search warrant were introduced in evidence before the jury. This bill is qualified by the court who states in his qualification thereof that the same were not introduced in evidence before the jury. The bill as qualified fails to reflect any error.

By Bills of Exception Nos. 2 to 8, both inclusive, appellants complain of the introduction in evidence of what the officers discovered as a result of a search of the premises described in the affidavit and search warrant. Each of the appellants in due time objected to the introduction of the evidence on the ground that the affidavit, as well as the search warrant, although both included an averment that the premises therein described belonged to Joe Morrison, yet there is not any averment in either that he, Morrison, was in possession thereof and had the same under his control. In the absence of such allegations, the search warrant was deficient, and being deficient, the search was illegal and the evidence obtained as a result of the search was inadmissible against the appellant, Joe Morrison. See Art. 727a, C. C. P.; Coe v. State, 197 S. W. (2d) 345; Jones v. State, 182 S. W. (2d) 919; Brown v. State, 124 S. W. (2d) 124; Miller v. State, 114 S. W. (2d) 244. We therefore sustain the contention.

By Bills of Exception Nos. 9 and 10 the appellants and each of them complain of the action of the trial court in permitting the State to prove by Guy Swain that on the night of January 23rd, 1947, which was about six weeks subsequent to the alleged commission of the offense for which they were on trial,

he, the witness, was out at the premises in question; that he saw two automobiles drive up and Guthrie came out and talked to the people in the automobiles; that he then went back to a sack from which he took some bottles of whiskey and handed a bottle to the occupants of each car, etc. To this testimony when offered, the appellants, and each of them, objected on the ground that it was evidence of an extraneous offense, and no part of the res gestae, did not show system, intent, etc. We are inclined to agree with appellants' contention. Whatever appellant Guthrie may have done six weeks after the prosecution had begun for the offense for which they were on trial would not tend to show the intent of Guthrie in possessing intoxicating liquor for the purpose of sale six weeks prior thereto. This testimony, in our opinion, was inadmissible and was highly prejudical to both of the appellants. In support of the opinion here expressed, we refer to the case of Underwood v. State, 39 Tex. Cr. R. 409. That the testimony complained of was highly prejudicial to appellants is self-evident.

There are other matters complained of which we do not deem necessary to discuss since they will not likely occur on another trial.

For the errors herein pointed out, the judgment of the trial court is reversed and the cause remanded.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.