**James Larry HICKS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45692.**

Court of Criminal Appeals of Texas.

Feb. 7, 1973.

Sam Lane, Dallas, for appellant.

Henry Wade, Dist. Atty., Harry J. Schulz, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The conviction is for the unlawful possession of amphetamine, a dangerous drug; the punishment, two years' confinement in the county jail and a fine of two thousand dollars.

The appellant first challenges the sufficiency of the evidence.

Armed with a search warrant, seven officers assigned to the Narcotics Section of

the Dallas Police Department, entered an apartment and arrested the appellant and two other men. The appellant was found in the bedroom sleeping on a mattress which was on fire—smoking and smouldering. The appellant's companions were found "passed out" in the living room. There was an open doorway between the living room and the bedroom where the appellant was found. A number of syringes, needles and other narcotic paraphernalia were found in open view in the living room and kitchen. Although no drugs or paraphernalia were found within the bedroom where the appellant was sleeping, amphetamine and barbiturates were found in open view on a coffee table and in other places in the living room. Some were found about ten feet from where the appellant was sleeping.

After entering the apartment one of the officers had to shake the appellant to awaken him. He immediately asked the appellant his name and if he lived there, and told appellant he had a search warrant for his "pad." The appellant gave his name and replied that this was his place.

A number of needle marks, some of which were fresh, were found on the arms of the appellant and his two companions. The officers, who were qualified as experts, testified they had difficulty in arousing appellant's companions, who they said were "on a nod." In the opinion of the officers, the appellant and his companions were all under the influence of drugs at the time arrested.

■ Mere presence at a place where narcotics or dangerous drugs are being used or possessed by others does not in itself justify a finding of joint possession. Valdez v. State, 481 S.W.2d 904 (Tex.Cr.App.1972); Hausman v. State, 480 S.W.2d 721 (Tex.Cr.App.1972); Reid v. State, 474 S.W.2d 702 (Tex.Cr.App.1972); Kinkle v. State, 474 S.W.2d 704 (Tex.Cr.App.1972); Culmore v. State, 447 S.W.2d 915 (Tex. Cr.App.1969). However, an accused may, with another or others, jointly possess dangerous drugs or narcotics. Simpson v. State, 486 S.W.2d 807 (Tex.Cr.App.1972); Adair v. State, 482 S.W.2d 247 (Tex.Cr.App. 1972); Valdez v. State, supra; Shortnacy v. State, 474 S.W.2d 713 (Tex.Cr.App. 1972); Buntion v. State, 476 S.W.2d 317 (Tex.Cr.App.1972); Evans v. State, 456 S.W.2d 911 (Tex.Cr.App.1970); Ochoa v. State, 444 S.W.2d 763 (Tex.Cr.App.1969).

■ The jury in this case was instructed on the law of principals and that possession of drugs need not be exclusive. The evidence as summarized above is sufficient to support the jury's verdict and to show the appellant's joint possession of the amphetamine which he was charged with possessing.

The appellant's final contention is not entirely clear. It complains of a communication from the jury to the trial judge during the jury's deliberation at the punishment phase of the trial. The jury's note reads:

> "We, the jury, would like to know whether the defendant has been previously convicted of a related offense or whether the prosecution was able, under the law, to present this testimony."

Complying with Art. 36.27, Vernon's Ann. C.C.P., the trial judge returned the jury to the jury box and in open court made the following reply in writing:

> "With reference to your question . . . you are instructed that you are entitled to consider only the testimony which was submitted to the jury and no other facts may be considered by you."

■ No objection was made to this procedure nor to the court's answer. The procedure utilized by the court and the answer to the jury's question were proper. The appellant appears to argue that reversible error is reflected because the jury's note implies jury misconduct. This argument, however, is not further supported by the record and nothing is presented for review as there was no attempt to show jury

**914**

misconduct on a motion for new trial or by bill of exception or in any other way. Therefore no error is shown.

The judgment is affirmed.

Opinion approved by the Court.