Victoria E. **WILSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 46220.

Court of Criminal Appeals of Texas.

June 20, 1973.

Rehearing Denied July 11, 1973.

Brady S. Coleman, Austin, for appellant.

Robert O. Smith, Dist. Atty., C. E. Clover, Jr., Asst. Dist. Atty., Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of cocaine; the punishment, two (2) years.

■ Appellant's first ground of error is that the trial court erred in making a dictionary available to the jury at their request.

It was error for the court to permit the jury to have the dictionary. However, there is no showing of harm. During the hearing on the motion for new trial, the jury foreman testified that the jury used the dictionary only for the purpose of securing the definitions of "care, custody, and control" in connection with the court's charge on possession and that they found

no unusual definition of those terms. There is no indication that appellant attempted to show the trial court that the dictionary contained a different definition of the words in question than that given by the court. Cf. Collini v. State, Tex.Cr. App., 487 S.W.2d 132.

Figula v. Fort Worth and D. C. Ry. Co., Tex.Civ.App., 131 S.W.2d 998, 1939, a civil case, relied on by appellant, was reversed because the record reflected the different definition of proximate cause was followed rather than the trial court's definition.

Appellant's first ground of error is overruled.

Appellant's second and third grounds of error relate to contraband found in an automobile in which appellant was a passenger at the time of her arrest.

■ Appellant first contends that the search of the automobile lacked probable cause.

Austin Police Officer W. J. Taylor testified, outside the presence of the jury, that, as he and other officers prepared to leave the station to execute a search warrant at a Manor Road apartment complex, he received a call from a confidential informant, who did not have a police record and who had furnished information previously which led to arrests, that a late model, dark green, two-door Oldsmobile with several people in it was carrying a load of narcotics and would make a narcotics "drop" at the same Manor Road address.

While at the apartment in question, the officers responded to a knock at the door and admitted Bonnie D'Alessandro. She was known to the police as a convicted narcotic violator, in town awaiting sentencing. Leaving the apartment, the officers located the described Oldsmobile in the complex parking area. It was occupied by Tom Greenwood seated behind the wheel, by appellant, in the left rear seat, and, apparently, by another individual, also seated in the rear. In response to an officer's

question, Greenwood stated that they were waiting for "Bonnie". The occupants of the car appeared nervous and were reluctant to give their names. A search of the automobile revealed quantities of narcotics and dangerous drugs in various places in the automobile.

In Almendarez v. State, Tex.Cr.App., 460 S.W.2d 921, officers acting on detailed information from a reliable informant, stopped an automobile and seized a quantity of heroin. Finding probable cause for the search, this Court concluded, citing United States v. Acosta, 411 F.2d 627 (5th Cir. 1968), "[A]t the time of interception [of the automobile] every fact stated by the informer except the presence of the heroin was verified."

In the case at bar, Bonnie D'Alessandro, a known narcotic violator, appeared at the predicted place, and the described automobile, with several individuals in it, was waiting outside for her. At that point, as in Almendarez, supra, every fact, save the presence of the contraband, corresponded to the informant's information, thereby justifying the officers to arrest the occupants and search the automobile.

See also United States v. Draper, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327; United States v. Drew, 436 F.2d 529 (5th Cir. 1970); Harris v. State, Tex.Cr.App., 486 S.W.2d 88; Mottu v. State, Tex.Cr. App., 472 S.W.2d 522.

■ Appellant also challenges the sufficiency of the evidence to support her conviction, even though her guilt was submitted to the jury under a charge of circumstantial evidence.

The search of the automobile revealed, in the right front floorboard, a green cosmetic type overnight case and a large black bag which contained a set of elaborate scales with traces of marihuana on them. In addition to women's undergarments, the overnight case contained a plastic bottle with two plastic sacks in it containing what a police chemist identified as peyote buds and 9.27 grams of marihuana seeds, a 385 gram brick of marihuana capable of rendering over 1500 marihuana cigarettes, 46.62 grams of hashish, cocaine, and 46.58 grams of "raw" opium. On the right front seat the officers found a ladies' purse which contained two prescription type vials containing assorted pills. One of the vials had Bonnie D'Alessandro's name on it. A search of Greenwood's person revealed "a small plastic vial" of hashish. During the course of the search, one of the officers observed appellant pushing something up underneath the front seat with her foot. A search of the area revealed a woman's purse containing 1.49 grams of mescaline, a derivative of peyote. Next to the purse, the officer discovered a pistol.

The circumstances of this case, taken as a whole, indicate joint possession. Officers had received information that there would be several people in the designated automobile. Appellant was traveling in that automobile with a person who had been convicted of a narcotics violation and who was in town for sentencing. In the automobile in which she was waiting was found a lavish assortment of narcotics and dangerous drugs including a sophisticated set of scales. Among the drugs in the car were peyote buttons from which mescaline is made. In the purse which appellant was attempting to hide was a quantity of mescaline. Next to the purse on the floorboard of the automobile under the front seat was a .38 calibre pistol. The occupants in the car acted nervously while being questioned by the officer and were reluctant to supply their names. Hicks v. State, Tex.Cr.App., 489 S.W.2d 912; Simpson v. State, Tex.Cr.App., 486 S.W.2d 807; and Valdez v. State, Tex.Cr.App., 481 S.W.2d 904.

Appellant's second and third grounds of error are overruled.

Finding no reversible error, the judgment is affirmed.