Pedro Lopez **VILLEGAS** and David
Lopez Villegas, Appellants,

v.

The **STATE** of Texas, Appellee.

No. 47885.

Court of Criminal Appeals of Texas.

April 24, 1974.

Rehearing Denied May 29, 1974.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Gregory Laughlin, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal is taken by both appellants from the joint trial for possession of heroin wherein the punishment for David Villegas was assessed at ten (10) years, probated, and Pedro Villegas was assessed a punishment of five (5) years, probated, by the court following verdicts of guilty.

■ Initially, appellants contend the court erred in overruling the motion to suppress evidence since the search warrant and the affidavit upon which it is based failed to sufficiently describe the person allegedly in possession and control of the premises to be searched.

Article 18.13, Vernon's Ann.C.C.P., provides, among other things, that a search warrant is sufficient if it contains the following requisites:

"(1)—

* * * * * *

(4) That it name the person accused of having charge of the suspected place, if there be any such person, or if his name is unknown, that it describe him with accuracy, and direct him to be brought before the magistrate; and * * *"

The search warrant and the affidavit in the instant case described the person in charge of the premises to be searched as "one Latin American male known only as Pete . . . ."

An examination of the warrant and affidavit reveals that it affirmatively asserts that the full name of the occupant of the premises is unknown, sets forth his name insofar as it was known, together with his sex and ethnic origin. We conclude that these identifying factors were sufficient to identify him and distinguish him from other persons as the occupant of the premises which are described in the warrant and affidavit with particularity.

Appellants rely upon Aguirre v. State, 31 Tex.Cr.R. 519, 7 S.W.2d 76 (Tex.Cr.App. 1928); Manly v. State, 120 Tex.Cr.R. 212, 48 S.W.2d 256 (Tex.Cr.App.1932); and Brown v. State, 136 Tex.Cr.R. 61, 124 S. W.2d 124 (Tex.Cr.App.1939). These cases can all be distinguished.

In *Aguirre*, supra, the warrant described the premises in question as being "occupied by a certain Mexican whose true name to affiants is unknown." The court noted that the description of both the person and the premises to be searched was vague; that defendant was a woman, which fact was not revealed by the warrant or affidavit; the house searched contained twelve rooms, each a separate apartment for use of laborers upon the estate in question, and one in which the defendant lived was occupied by her and three others. In the instant case there was only one apartment to be searched, which was adequately described, and the warrant specified that the occupant was a Latin American male known only as Pete, giving the officer sufficient description to guide him in identifying the occupant.

In *Manly*, supra, the search warrant affidavit, after describing the private residence in question, contained the following: "Said described private residence is occupied by negro, name unknown." Here again, the omission of the sex of the occupant or any part of the occupant's name or other description distinguishes it from the instant case.

In *Brown*, supra the instruments averred the premises to be searched were "the premises of one Brown and some person or persons whose name or names and descriptions" were unknown to the affiants. There was no averment that Brown's given name was unknown. Such fact distinguishes the instant case.

Appellants' initial contention is overruled.

■ Next, appellants contend the court erred in overruling their motion to suppress evidence because the person named in the search warrant was not the person in actual possession of the premises. This contention is that neither one is a Latin American, nor known by the name of Pete.

At the hearing on the motion Houston police officer J. J. Davis testified that on June 30, 1972, he obtained a search warrant for apartment G7 at 8282 Park Place Boulevard in Houston, and when he arrived no one was at home. Later, he explained that both appellants approached the

premises, that he stopped them and asked Pedro Villegas if his name was "Pete" and that Pedro replied "Yes." [1] After showing the appellant the warrant, Davis related Pedro Villegas used a key and admitted the officers into the apartment. Testifying, Pedro Villegas admitted that he was sometimes called as "Pete," but he was not only known by this name. His brother corroborated such testimony. Both appellants testified they lived on the premises in question, but were not Latin Americans as that term is used to describe those from Central and South America, and they had never heard the term used to describe a Mexican or a Chicano.

Under the circumstances, we find no error in the court's action in overruling the motion to suppress.

Lastly, appellants challenge the sufficiency of the evidence to sustain the convictions. The record reflects upon entering the apartment Officer Bell, who accompanied Officer Davis, observed an envelope containing a hand-rolled cigarette on the coffee table in the living room. It appeared to be marihuana. A search of the back bedroom of the two bedroom apartment revealed several hat boxes on a shelf in the closet. One box contained a needle and a syringe. Another contained twelve cellophane packages of brown powder, which was later shown to be heroin.

Appellants argued that the evidence is insufficient to show which appellant occupied the bedroom in which the heroin was found.

■ In proving possession in narcotic cases, it is not necessary to prove the accused had exclusive possession of the nar-

cotics in question. Collini v. State, 487 S. W.2d 132, 135 (Tex.Cr.App.1972), and cases there cited. Where there is an absence of direct evidence that an accused was in exclusive possession of a narcotic, then possession, if any, must be proved by the introduction of circumstantial evidence. Collini v. State, supra.

■ Various facts and circumstances surrounding a search and arrest may be shown to prove that the accused and another person or persons acted together in jointly possessing a narcotic. Adair v. State, 482 S.W.2d 247 (Tex.Cr.App.1972); Hicks v. State, 489 S.W.2d 912 (Tex.Cr. App.1973), and cases there cited.

In the instant case the court charged the jury on the law of principals and of circumstantial evidence.

■ The record reflects that the appellants were brothers living together in the apartment. At the time the officers entered the apartment what appeared to be marihuana was found lying on a table in the living room. There was no evidence that anyone else but the appellants lived in the apartment or had common access. The apartment door was opened with a key in the possession of one of the appellants. The heroin was subsequently found as described.

The evidence, we conclude, is sufficient to sustain the jury's verdict, which this court must view in the light most favorable thereto and to show joint possession of the heroin by the appellants. See Hicks v. State, supra.

The judgment is affirmed.

1. At the trial on the merits Davis testified that when he saw the appellants approach the apartment, he hollered, "Hey, Pete," and that Pedro Villegas answered, "Yeah?"