Garza v. State 






NO. 10-89-216-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

Â Â Â Â Â Â Â Â Â Â ARMANDO GARZA,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellant
Â Â Â Â Â Â Â Â Â Â v.

Â Â Â Â Â Â Â Â Â Â THE STATE OF TEXAS,
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Appellee

* * * * * * * * * * * * *

 From 87th Judicial District Court
Freestone County, Texas
Trial Court # 89-066-CR

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
Â Â Â Â Â Â Â Â Â Â Appellant was convicted in a bench trial of possessing more than fifty pounds of
marihuana. The court made a deadly weapon finding and sentenced him to twenty years in prison. 
Appellant contends the evidence is insufficient to prove that he knowingly possessed the marihuana
and attacks the deadly weapon finding. The judgment will be affirmed.
Â Â Â Â Â Â Â Â Â Â Officer Price searched a van after smelling a "strong" odor of unburned marihuana in the
vehicle. He found hidden underneath the chassis fifty-one pounds of marihuana and a notebook
of names and numbers. The notebook containing Appellant's name appeared to be drug-related. 
Within Appellant's reach where he was sitting in the rear of the vehicle were five ounces of
marihuana hidden under a mattress and marihuana seeds on the floorboard. Three guns and
ammunition were under the front passenger's seat wrapped in a bag. Appellant failed to appear
after his indictment, and his bail was forfeited. 
Â Â Â Â Â Â Â Â Â Â His first point is that the evidence is insufficient to prove that he intentionally and
knowingly possessed the marihuana. A defendant must exercise care, custody, control, and
management over illicit drugs, knowing them to be drugs, before he is guilty of their possession. 
Dickey v. State, 693 S.W.2d 386, 389 (Tex. Crim. App. 1984). If the defendant is not in sole
possession of the premises where drugs are found, the state must prove an affirmative link between
the contraband and the defendant to establish his possession. Deshong v. State, 625 S.W.2d 327,
329 (Tex. Crim. App. [Panel Op.] 1981). An affirmative link is established by facts and
circumstances from which one may reasonably infer that the defendant knew the contraband
existed and that he exercised care, custody, control, and management over it. Dickey, 693 S.W.2d
at 389.
Â Â Â Â Â Â Â Â Â Â The following facts and circumstances were sufficient to affirmatively link Appellant to the
marihuana. First, the odor of marihuana in the van. See Ross v. State, 486 S.W.2d 327, 328
(Tex. Crim. App. 1972). Second, his proximity to the marihuana and seeds in the rear of the
vehicle where he was sitting. See Lewis v. State, 664 S.W.2d 345, 349 (Tex. Crim. App. 1984);
Lewis v. State, 502 S.W.2d 699, 701 (Tex. Crim. App. 1973). Third, the guns in the vehicle. 
See Wilson v. State, 495 S.W.2d 927, 929 (Tex. Crim. App. 1973). Finally, Appellant's failure
to appear which resulted in the bond forfeiture. See Cantrell v. State, 731 S.W.2d 84, 93 (Tex.
Crim. App. 1987) (flight from prosecution). The evidence is sufficient to prove beyond a
reasonable doubt that Appellant knowingly possessed the marihuana inside the vehicle. His
possession of the marihuana inside the vehicle and the notebook containing his name were
affirmative links between him and the marihuana found underneath the van. See Hudson v. State,
643 S.W.2d 162, 163 (Tex. App.--Austin 1982, pet. ref'd). Point one is overruled.
Â Â Â Â Â Â Â Â Â Â In point two Appellant argues that the evidence is insufficient to prove that he possessed
over fifty pounds of marihuana. Specifically, he asserts that the marihuana weighed less than fifty
pounds because of the seeds it contained. The definition of marihuana excludes sterilized seeds
incapable of germination. Tex. Health & Safety Code Ann. Â§ 481.002(26)(E) (Vernon 1991). 
A defendant must prove that the marihuana contained seeds which should have been excluded from
its weight. Elkins v. State, 543 S.W.2d 648, 649-50 (Tex. Crim. App. 1976).
Â Â Â Â Â Â Â Â Â Â Appellant stipulated that the marihuana weighed over fifty pounds. Once made, this
stipulation became a judicial admission he cannot contradict. See Wallace v. State, 478 S.W.2d
499, 500 (Tex. Crim. App. 1972); Davidson v. State, 737 S.W.2d 942, 948 (Tex. App.--Amarillo
1987, pet. ref'd). Assuming that the stipulation was not a judicial admission, Appellant
nevertheless failed to prove that the marihuana contained "sterilized seeds of the plant . . .
incapable of germination"; he proved only that thirty-one pounds of the marihuana contained
fourteen-percent seeds, "zero-percent germinated." Accordingly, point two is overruled.
Â Â Â Â Â Â Â Â Â Â The court must affirmatively make a deadly weapon finding if the defendant "used or
exhibited a deadly weapon" while committing a felony offense. Tex. Code Crim. Proc. Ann.
art. 42.12(3g)(a)(2) (Vernon Supp. 1991). Appellant complains in point three that the evidence
is insufficient to support the deadly weapon finding. Although stated as a sufficiency question,
his argument actually involves statutory construction. See Patterson v. State, 769 S.W.2d 938,
940-41 (Tex. Crim. App. 1989).
Â Â Â Â Â Â Â Â Â Â "Use" is "any employment of a deadly weapon, even its simple possession, if such
possession facilitates the associated felony." Id. at 941. "Exhibiting" means displaying the
weapon. Id. Although Appellant did not display the guns found underneath the right front seat,
the question is whether he used them to facilitate his possession of the marihuana. 
Â Â Â Â Â Â Â Â Â Â In Patterson the defendant, who was found guilty of possessing methamphetamine, told the
arresting officer that he had a gun nearby. Although the officer had difficulty finding the weapon,
the court nevertheless held that a rational trier of fact could have found that the defendant used the
firearm to facilitate his possession of the drugs. Id. at 942. 
Â Â Â Â Â Â Â Â Â Â The three guns in the van were easily accessible to any of its occupants. Guns are often
used to protect illegal narcotics and the people possessing them. Based on the record as a whole,
any rational trier of fact could have found that Appellant used the guns, merely by possessing
them, to facilitate his possession of the marihuana. See id. Point three is overruled and the
judgment is affirmed.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â BOB L. THOMAS
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Chief Justice

Before Chief Justice Thomas, Chief
Â Â Â Â Â Â Â Â Â Â Justice McDonald (Retired) and
Â Â Â Â Â Â Â Â Â Â Justice James (Retired)
Affirmed
Opinion delivered and filed March 28, 1991
Do not publish



See Tex. R. Civ. P.
166a(i); Binur v. Jacobo, 135 S.W.3d
646, 650-51 (Tex. 2004). 
Azua appeals.Â  We will affirm.

Â Â Â Â Â  In a
no-evidence motion for summary judgment, the non-movant must Âproduce[] summary
judgment evidence raising a genuine issue of material fact.ÂÂ  Tex.
R. Civ. P. 166a(i); Ford Motor Co.
v. Ridgway, 135 S.W.3d 598, 600 (Tex. 2004).Â 
ÂA genuine issue of material fact exists if more than a scintilla of
evidence establishing the existence of the challenged element is
produced.ÂÂ  Ridgway at 600.Â  ÂMore than a
scintilla of evidence exists if it would allow reasonable and fair-minded
people to differ in their conclusions.ÂÂ  Forbes Inc. v. Granada Biosciences, Inc., 124
S.W.3d 167, 172 (Tex. 2003).Â 
ÂIn reviewing a no-evidence summary judgment motion, we examine the
record in the light most favorable to the nonmovant
.Â .Â .Â .ÂÂ  Id.

Â Â Â Â Â  The
sole ground stated in Dr PepperÂs motion was that there was no evidence that it
was negligent.Â  The elements of
negligence are: ÂThere must be a legal duty owed by one person to another, a
breach of that duty, and damages proximately caused by the breach.ÂÂ  D.
Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002); see
Mission Petroleum Carriers, Inc. v. Solomon, 106 S.W.3d 705, 710 (Tex. 2003) (plurality op.).Â  Dr PepperÂs motion did not contend that there
was no evidence of damages.Â  We assume
without deciding that Azua produced some evidence of duty and breach.Â  Nonetheless, Azua produced no evidence of
proximate causation.

Â Â Â Â Â  As to
proximate cause, Dr Pepper contends only that there was no evidence of
foreseeability.Â  See Marathon Corp. v. Pitzner, 106 S.W.3d 724, 727 (Tex. 2003).Â 
Â[T]he foreseeability element of proximate cause .Â .Â .
requires that Âthe act or omission complained of must be such that a person
using ordinary care would have
foreseen that the event, or some similar event, might reasonably result
therefrom.ÂÂÂ  Browning-Ferris Indus., Inc. v. Lieck, 881 S.W.2d 288, 292 (Tex.
1994) (quoting 1 Comm. on Pattern Jury
Charges, State Bar of Tex., Texas
Pattern Jury Charges PJC 2.04 (1987)) (emphasis in Browning-Ferris); see D.
Houston, 92 S.W.3d at 454.Â  ÂThe
foreseeability of a back injury in connection with regular lifting of heavy
objectsÂ must be established by Âprobative evidence, through expert testimony,
connecting the injury to the alleged negligence.ÂÂ  Leitch
v. Hornsby, 935 S.W.2d 114, 119 (Tex. 1996).Â 
ÂWhether proper lifting equipment would have prevented the injury is not
a question that can be answered by general experience.ÂÂ  Id.Â  The
affidavit of AzuaÂs treating physician, which Azua introduced, does not address
the matter; and Azua introduced no other expert evidence.

Â Â Â Â Â  We overrule AzuaÂs issue. Â We affirm the judgment.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

Â Â Â Â Â  Justice
Vance, and

Â Â Â Â Â  Justice Reyna

Affirmed

Opinion
delivered and filed October 27, 2004

[CV06]